JAMES JOHNSON *vs.* INHABITANTS OF WHITEFIELD.

The town has done its duty, when it has prepared a pathway in the road of suitable width, in such manner that it can be conveniently and safely traveled with teams and carriages; but the citizens are not thereby deprived of their right to travel over the whole width of the way laid out, without being subjected to other or greater dangers than may be presented by natural obstacles, or those occasioned by making and repairing the traveled path.

To allow the sides of the traveled path to be *incumbered by logs* or other things unnecessarily placed there, subjects the town to the payment of damages occasioned thereby.

But if the accident happens through the neglect or fault of the person injured, or by reason of any obstacle naturally existing or *necessarily placed* in the highway, out of the traveled path, he cannot recover against the town.

THE action was case for an injury sustained by the plaintiff, as he alleged, through a defect in the public highway in the town of *Whitefield.* At the trial before WESTON C. J., it appeared, that the plaintiff with his wife was traveling in a chaise drawn by one horse, and while he was driving along the usually traveled path, the horse became restive, threw up his hind legs, and got one of them over a shaft of the chaise; that the plaintiff thereupon reined him out of the traveled part of the road towards the fence on the left hand, with the view to relieve him from the situation into which he had thrown himself, and the horse proving unmanageable run the chaise over a cedar log lying by the traveled part of the highway, which was the immediate cause of the injury. For the space of twenty feet from the log to a stump on the opposite side of the path, the road was smooth and well wrought; wheel tracks were to be found quite near to the cedar log, but there was grass for the space of two feet from the log to the traveled part of the road, where no grass remained. The log was lying upon the side of the ditch or gutter which was next to the road, the ditch at that place being but slightly excavated.

The Chief Justice instructed the jury, that usually in the country, the public convenience did not require, that the whole road between its exterior limits should be wrought and made smooth; that it was sufficient, if so much of it was wrought, as to make it safe and convenient for travelers; that the town however would not be justified in suffering timber, or other deposits to remain in

Johnson *v.* Whitefield.

the road, although out of the traveled path, to the annoyance of travelers ; that if in passing other carriages or teams, or by a sudden fright, to which horses might be liable, a carriage might be precipitated upon the log and overset or injured, its being suffered to remain there was a nuisance and defect in the public highway, and if the plaintiff was thereby injured, the action was maintained. It was submitted to the jury whether it was prudent to drive such horse, and whether the plaintiff otherwise managed prudently, and they found for the plaintiff in both particulars.

The verdict for the plaintiff was to be set aside, if the jury were not properly instructed.

*Wells* and *Child,* for the defendants, contended, that the defendants were not liable, because the accident happened on an obstruction in that part of the road which the defendants were not bound to keep in repair. A town is not under the necessity of keeping the whole of the extent laid out as a road in a state to be traveled upon. *Howard* v. *North Bridgewater,* 16 *Pick.* 189. The owner of the adjoining land may use all the road not wanted for travelers, and it is as private property.

Here the accident was caused by the viciousness of the horse, or the unskilfulness of the driver. The plaintiff voluntarily left the traveled path, and run upon the log. The road was safe, and the injury received by the plaintiff was caused by his own fault or folly. The injury must be occasioned entirely by the defect in the road, to make the town liable, and not partially by that, and partially by the neglect of the plaintiff. *Farnum* v. *Concord,* 2 *N. H. Rep.* 392.

*Evans'* name was on the docket for the plaintiff, but he was not present, and no counsel argued on that side.

The opinion of the Court was drawn up by

SHEPLEY J. — It is contended, that the owner of land adjoining a public highway may lawfully use that part of it, which is not prepared for the public travel. His ownership and right of use so far as may be consistent with the rights of the public need not be questioned. But it is a mistake to suppose the public rights of travel are restricted to the prepared and usually traveled path. While the town has done its duty, when it has prepared a pathway

of suitable width in such a manner, that it can be conveniently and safely traveled with teams and carriages as required by the statute ; the citizens are not thereby deprived of the right to travel over the whole width of the way as laid out. And they have the right to do so without being subjected to other or greater dangers, than may be presented by natural obstacles, or those occasioned by making and repairing the traveled path. In many parts of the highways these obstacles are small, and in others very great. To allow the sides of the prepared path to be incumbered by logs or other things unnecessarily placed there, would deprive the citizens of the use of the whole width of the way or subject them to unnecessary dangers not contemplated by the laws. It may become necessary to place obstructions upon the sides of it for the purpose of preparing or improving the traveled path by the removal of trees or stones and the like. Beyond this all such obstructions are nuisances, and as unlawfully there, as they would be in the traveled path. If the accident had happened through the neglect or fault of the plaintiff, or by reason of any obstacle naturally existing or necessarily placed in the highway out of the traveled path, he could not have recovered ; but this is negatived by the finding of the jury. The driver may be subjected to injury with the most prudent management by a vicious or irritated horse, without any just ground for complaint against the town ; but in such cases he cannot justly be subjected to the increased danger occasioned by obstacles, which exist only through the illegal act of another person.

*Judgment on the verdict.*