## WHEELING.

MARY CONGROVE *et al. v.* BURDETT.

Submitted June 21, 1886.—Decided July 3, 1886.

1. Where there is a lap or interlock of two deeds, whereby both embrace the land in controversy, and the person having the elder deed or the title to the land is in the actual possession of a part

of his land outside of the interlock, and the person having the junior deed or color of title is in the actual adverse possession of a part of the interlock or land in controversy claiming under and to the limits of his deed, the latter will in contemplation of law be regarded as being in the actual adverse possession of all the land in the interlock, not simply that actually occupied or enclosed by him. (p. 222.)

2. If in such case the holder under the junior deed remains in such actual adverse possession of a part of the interlock for the period required by the statute of limitations to bar the right of the owner or holder under the elder deed, the title to the whole of the interlock will be transferred to him, and the holder under the elder deed can not in ejectment recover the same or any part thereof from him. (p. 223.)

3. According to the rule announced by this Court in *Danks* v. *Rodeheaver*, 26 W. Va. 274, a party may have the rulings of the court below, made during the trial of the action, reviewed by this Court, when the record shows, in any proper manner, that such rulings were duly saved and a motion for a new trial was made and overruled, and the action of the court overruling such motion excepted to ; and it is not necessary that the record should also show, that other objection was made to the action of the court overruling such motion. (p. 226.)

*Hutchinson* and *Johnson* for plaintiffs in error.

*J. B. Jackson* and *Brennan & Bullock* for defendant in error.

SNYDER, JUDGE :

Ejectment brought in February, 1883, by Mary Congrove and Albert Congrove her husband against Alexander Burdett in the circuit court of Wood county, to recover the possession of a certain parcel of land situate on the waters of Long Run in said county. There was a verdict and judgment for the plaintiffs, and the defendant brought this writ of error.

The record shows, that the plaintiffs and defendant both claim title to the land in controversy from one common source and the same grantor, Jane White. The deed under which the plaintiffs claim is dated April 24, 1851, and was recorded May 31, 1851. And the deed under which the defendant derives his title is dated April 16, 1851, but was not admitted to record until September 9, 1851.

The evidence tended to prove, that both these deeds, to

the extent of about nineteen acres, covered the same land, thus creating to that extent an interlock or lap. The said nineteen acres is the land in controversy in this action. The evidence also tended to prove, that the defendant, and those under whom he claims, had more than ten years prior to the bringing of this action, by clearing and enclosure, occupied and held actual possession of about three acres within the interlock claiming the whole thereof, and so continued to hold and claim up to the commencement of this action; that the residue of the land in controversy has never been enclosed or or otherwise improved; and that plaintiffs had cleared, enclosed, and for many years been in the actual possession of a large part of the land embraced within the boundaries of their deed, but that they have never had the actual possession of any part of the land within the interlock, that is, of the land in controversy.

All the evidence is certified in the bills of exceptions, the greater part of which relates to the location of the lines and boundaries of the land as claimed by the respective parties. I do not deem it necessary to give this evidence or any part of it.

The plaintiffs requested seven separate instructions to the jury, all of which were objected to by the defendant. The court overruled the objections and gave said instructions and the defendant excepted. I can discover no error to the prejudice of the plaintiff in error in any of said instructions except the fourth. The others may not all be strictly correct in every respect, but as applied to the circumstances and evidence in this action none of them could in any manner prejudice the claims or rights of the defendant. The said fourth instruction is as follows:

" The jury are further instructed that to him, who has the better title to a tract of land in controversy, the law ascribes the possession; and if he, who has the better title, is in possession of a part of the land covered by said better title, he is deemed to be in possession of the whole, unless he is ousted from his possession by some one, who is in possession of a part thereof claiming adversely to the owner; in which latter case such actual possession by the intruder is limited to his actual enclosure. If the jury therefore believe from the evidence, that the plaintiffs have the better title to the land

in controversy in this suit, then the jury must find for the plaintiffs in this action the land in controversy, unless the jury believe from the evidence, that the defendant has been in the exclusive, actual, continued, visible and notorious posession of said land, or a part thereof, for more than ten years prior to the commencement of this action, claimihg the same under claim or color of title adversely to the title of plaintiffs; and if the jury believe from the evidence, that such adverse possession of the defendant is only to a part of said land in controversy, then such adverse possession is limited to such part as is held by the defendant for the time and in the manner above specified."

The defendant requested nine several instructions and to the granting of all or any of them the plaintiffs objected. The court gave to the jury the second, third, fourth, sixth and ninth, also the first and fifth with modifications, and refused the seventh and eighth. To the action of the court modifying the said first and fifth and refusing the seventh and eighth instructions the defendant excepted.

I do not think the court erred in giving the instructions it did, or in making, what seems to me to be in this action, the immaterial change in the first instruction, which consisted simply of substituting the word " adverse " for " actual." Actual possession by an adverse claimant is necessarily adverse to the title of the owner, and therefore either of these adjectives would convey the same idea.

The court did err, however, in refusing to give the fifth, seventh and eighth instructions as asked by the defendant. These substantially declare the law as laid down by this Court in the fifth point of the syllabus in *Garrett* v- *Ramsey*, 26 W. Va. 345, and are the converse of the legal proposition embraced in the plaintiffs' fourth instruction hereinbefore given. The said eighth instruction, which embodies, in effect, the same legal proposition contained in the fifth and seventh, is as follows:

" If the jury believe from the evidence, that the deed to Mary Flinn from Jane White for fifty acres of land, and the several deeds from the several persons given in evidence, under whom the defendant claims, embrace the land in controversy; and if the jury believe from the evidence, that the

plaintiffs entered upon and took possession of part of the land embraced within their boundary of fifty acres *outside of* the lap or interlock with the boundary of the defendant, or those under whom he claims ; and if the jury believe from the evidence that the defendant, and those under whom he claims, under their deeds entered upon and took possession of any part of the land in controversy—that is, upon a part within the lap or interlock, claiming it under and as being embaced by their deeds, and took and held actual, adversary, and exclusive possession thereof, by improvement, cultivation or other open, notorious and habitual acts of ownership, for more than ten years prior to the commencement of this action, then such entry and possession of the defendant, and those under whom he claims, operated as an ouster of the plaintiffs from the land included in said lap or interlock to the extent of the boundaries of the deeds under which defendant, and those under whom he claims, may have so entered, although the defendant, and those under whom he claims, may not have actually enclosed and cultivated the whole of the land in controversy, and the jury should find for the defendant."

It is apparrent, that the legal proposition contained in this instruction is in positive and direct conflict with that given to the jury in the aforesaid fourth instruction of the plaintiffs ; and it is also apparrent, that said fourth instruction is in conflict with the decision of this Court in *Garrett* v. *Ramsey, supra*, while the said eighth instruction is in accord with said decision.   It follows, therefore that the circuit court erred in granting the former and refusing the latter as well as in refusing the said fifth and seventh instructions prayed by the defendant, the plaintiff in error.

The legal principles involved in the decision of this Court in *Garrett* v. *Ramsey* were so fully discussed and considered in that case, that I do not deem it necessary to do more than refer to that case as settling the law of this State on the question now before us.

In order to escape any conflict with the principles announced in that case, the counsel for the defendants in error have undertaken to review the evidence certified in this case, and to show therefrom, that the deed, under which the de-

fendant, the plaintiff in error, claims title, does not include any part of the land in controversy—that is, that there is in fact no lap or interlock of the deeds or titles of the plaintiffs and defendant in this action, and that, consequently, the defendant is a mere intruder or adverse occupant of a portion of the plaintiffs' land under a simple claim without any color of title whatever, and that such being the situation of the defendant his right must be confined to his actual possession or enclosure according to all the authorities. There can be no question, according to the established law of this State, that if a party enters upon the land of another and holds under a mere adverse claim without color of title, he can never acquire any right or title to land not in his actual possession or enclosure, because in such case his enclosure is the only practicable limit or evidence of the extent of his claim. (*Core* v. *Faupel,* 24 W. Va. 238; *Kincheloe* v. *Tracewells,* 11 Gratt. 589).

But in this action there was evidence tending to prove, that the deed or title, under which the defendant claims, did embrace the land in controversy, and the evidence was of such a character that it could not be ignored by the Court in framing or giving instructions to the jury. It was, at least, sufficient to go to the jury, and whether or not it was sufficient to establish the fact, that the defendant's deed did include the land in controversy was a question for the exclusive determination of the jury and not for the decision of the court. An assumption of facts in an instruction which ignores such evidence would necessarily be erroneous. But I do not understand that the court attempted or intended any such invasion of the province of the jury in this case. The jury was evidently instructed in the belief that the law was as stated in the dissenting opinion in *Garrett* v. *Ramsey,* before the decision in that case was published in the reports, and perhaps without knowledge by the court of its existence. The contention of the counsel for the defendants in error therefore seems to me to be untenable.

If, however, it was desired by plaintiffs, the defendants in error, to present to the jury the construction of the evidence contended for by their counsel, it would have been proper for the court to instruct the jury, that if they found from the evidence that the deed, under which the defendant claims

title, did not in fact cover the land in controversy, then they must confine his claim to such part of the land in dispute, as he has had in actual possession, by enclosure or other exclusive, open or notorious acts of ownership, adverse to the title of the plaintiffs.

It is also contended by the defendants in error that this Court will not review the rulings of the court below in this action, because on the motion made by the plaintiff in error for a new trial *no objection* was made to the overruling of that motion, and no such objection was noted on the record. In support of this position the decision of this Court in *Danks* v. *Rodeheaver*, 26 W. Va. 274, is relied upon. In that case there was no motion made for a new trial in the court below, and this Court held, that because no such motion was made, this Court could not review the rulings of the inferior court made during the trial, even though such rulings had been duly objected to and exceptions taken thereto. The reason stated for this rule is, that this Court will not *ex mero motu* grant a new trial in such case. *State* v. *Phares*, 24 W. Va. 657. In the conclusion of the opinion in the above case, 26 W. Va. 299, the Court says : "If errors or supposed errors of any sort are committed by a court in its rulings during the trial of a case by a jury, the Appellate Court can not review these rulings of the court, unless two conditions concur : *First,* These rulings must have been objected to when made, and a bill of exceptions taken, or the point then saved and the bill of exceptions taken during the term ; and *second,* a new trial must also have been asked for and overruled and objected to and this noted on the record." This is substantially what is contained in the syllabus of that case and what was decided by it. It was not decided or intended to be decided in that case, that where a party moved for a new trial in the court below, and upon the overruling of such motion he excepted to such ruling, he must also object to the action of the court overruling his motion before he can have the ruling reviewed in the Appellate Court. If the record shows that the motion was made, overruled and excepted to, this is sufficient and all that the rule declared by this Court in any of its decisions requires. It is not even required that there shall be a bill of exceptions to the action of the court

overruling the motion for a new trial. If the fact that such motion was made, overruled and excepted to appears in the orders or judgment of the court, or in any other proper manner by the record, the Appellate Court will review any rulings of the inferior court made during the trial, which are properly saved and presented by the record.

In the case before us there is a bill of exceptions showing that the plaintiff in error made his motion for a new trial in the court below, that said motion was overruled and that he excepted to said ruling. The case is therefore clearly within the rule, and the rulings of the circuit court were properly brought before this Court for review.

For the errors hereinbefore stated, the judgment of the circuit court must be reversed, the verdict of the jury set aside and a new trial awarded.

REVERSED.   REMANDED.