# CHARLESTON.

## Fox v. Baltimore & Ohio Railroad Co.

*(Holt, Judge, absent.)

Submitted June 17, 1890.—Decided December 12, 1890.

1. Damages—Railroad Company—Action.

    In an action brought to recover damages under section 9 of Article III of the constitution, as compensation for permanent injury to real estate by the construction of a railroad upon a street adjacent to such property, it is proper for the owner to bring an action for trespass on the case, and he may count for permanent damages and recover the same according to the evidence, although, when the injury occurred, he was not in the actual occupancy of the property, but was in constructive possession of the same through his tenant under a lease.

2. Damages—Railroad Company—Evidence.

    In such an action, he may recover damages necessarily resulting from the ordinary and proper use by the railroad company of its track in such street, and may give evidence developing the character of this ordinary and proper use and how it affects the value of his property.

*Case submitted before Judge Holt's appointment.

3. Damages—Evidence.

In estimating the permanent damage, the jury may inquire into the value of the property, and, as a guide or assistance in so doing, it is not improper to hear evidence of its rental value or of an offer to purchase, which the plaintiff has refused.

4. Damages—Viewing the Premises—Instructions.

When the jury have been properly permitted to view the premises in dispute, it is not improper to refuse a request which requires the Court to instruct the jury that "they are not to take into consideration anything they saw or any impression they received at the view of the premises, in determining the rights of the parties to this suit."

Lucas, President, furnishes the following statement of the case :

This was an action brought by Charles Fox, the defendant in error, in the Circuit Court of Wood county, to recover damages or compensation for permanent injury to his dwelling-house by the construction and operation of a railway track upon a street in the city of Parkersburg, adjacent thereto. The declaration is as follows :

"Charles Fox complains of the Baltimore & Ohio Railroad Company, a corporation created by the laws of the State of Maryland, which has been summoned to answer," * * * * "of a plea of trespass on the case, for that, whereas the said plaintiff on the 5th day of September, A. D. 1885, at the said county of Wood, was lawfully and peacefully in his demesne as of fee, and continually from thenceforth hitherto was seized, and yet is seized, as aforesaid, of a certain lot and premises lying and being in the county of Wood, city of Parkersburg, W. Va., Avery street, and bounded and described as follows, to wit:  Beginning at a point on Avery street, on the west side thereof, twenty five feet from Neal street, thence sixty four feet, parallel with Neal street, towards Market street ; thence twenty feet, parallel with Avery street, towards Court street ; thence sixty four feet, parallel with Neal street ; thence twenty feet to the beginning—it being the same property conveyed to said plaintiff by C. Shattuck and wife by deed dated the 8th day of December, 1879, and of record in the county clerk's office of the County Court of Wood county, in Deed-Book 41, page 176, which said lot of the plaintiff is of great value, to wit, of the value of fif-

teen hundred dollars; and by reason thereof the said plaintiff, beforeand at the time of the committing of the grievance hereinafter mentioned by said defendant, had the right for himself, servants and tenants to use, enjoy, pass and repass over and along said Avery street on foot and with carts, carriages and other vehicles, and also to have convenient access to lot and premises from said Avery street, from time to time, for the necessary ingress and egress to and from said lot and premises, and for the beneficial occupation and enjoyment of the same : Nevertheless the defendant well knowing the premises, to wit, on the day and year aforesaid, at the county aforesaid, unlawfully, wrongfully and injuriously, and without the consent of the said plaintiff, laid a railroad track through said Avery street in front of said plaintiff's property, about eight feet from the sidewalk, and hath unlawfully, wrongfully and injuriously kept and continued to keep the said railroad track so laid by it as aforesaid through said street for a long space of time, to wit, from thence hitherto, and thereby during all the time last aforesaid, the said defendant, by the track so laid through and along said Avery street, and by the use made of it, of said track, unlawfully, wrongfully, and injuriously deprived the said plaintiff from having full and free access to said lot and premises, and his facilities for ingress and egress to and from the said lot and premises have been greatly interrupted and cut off, and the value of said lot and premises thereby greatly diminished and damaged to the value of four hundred and ninety nine dollars.    And whereas, also, the plaintiff, before and at the time of committing the grievance heretofore and hereafter mentioned, being so possessed of his said lot and premises as in first count is set forth, situated as aforesaid on Avery street in the city of Parkersburg, and upon which lot and premises there is situated a dwelling-house and appurtenances, which said dwelling-house had long before said grievance complained of, and thence hitherto, and now is occupied by tenants of said plaintiff, and by the occupation of said lot, premises, and dwelling-house by said tenants the plaintiff has derived great rents and profits and emoluments, and he, by means of said common highway, ease-

ments, and public street, had, together with the tenants, comfortable, safe, and convenient access to his said property; and the said defendant, not being ignorant of the premises, but wrongfully and injuriously contriving and intending injury, and to hinder and deprive him, the said plaintiff, of the use, enjoyment, and benefit of his said property, and of the rents and profits and emoluments aforesaid, and of the peaceful and uninterrupted occupancy and use of the same, and of safe and convenient access and ingress to and from the same, and without the consent and against the protest, did, as aforesaid, lay and construct a railroad track on said Avery street in front of the plaintiff's said dwelling-house; and the said defendant during all the period aforesaid since the laying of said track has placed thereon divers freight-cars, and caused the same to * * * moved and transported and propelled to and from, over and along said track, by means of a locomotive or steam-engine attached thereto, causing great jarring noises and disturbing sounds with bells and steam-whistles, thereby rendering it dangerous, inconvenient, and unsafe for plaintiff or his tenants to travel over and use said street and highway for a long space of time from thenceforth hitherto, and thereby, during all the time aforesaid, said street and highway was and still is greatly obstructed and stopped up, and by means of all of said premises said plaintiff saith that he and his tenants are subjected to great inconvenience, and prevented from occupying said lot, dwelling-house, and premises, and enjoying the same in so convenient and beneficial a manner as otherwise * * * might and would have done but for the laying of the said railroad track as aforesaid, and the said dwelling-house and premises have, by means of the said premises aforesaid, been greatly damaged, lessened in value, and permanently injured; wherefore the said plaintiff saith he has sustained damages in the sum of four hundred and ninety nine dollars; and therefore he sues" *etc.*

*J. A. Hutchinson* for plaintiff in error, cited:

1 T. R., 480 (s. p.); 4 T. R., 489 (s. p.); 16 W. Va. 305; 1 Hill (So. Ca.) 260; 12 Johns. 183; Bac. Abr. "Trespass,"

458, pl. 3 ; 9 Ad. & E. 991 ; 4 B. & Ad. 72 ; 1 M. & S. 234 ; 23 W. Va. 436 ; 27 W. Va. 309 ; 23 W. Va. 451 ; 20 Wall. 134–136 ; 1 Greenl. Ev. § 93 ; 26 W. Va.681, 682 ; 49 Cal. 607 ; 27 Ia. 503 ; 29 Minn. 41 ; 52 Ind. 117, 124 ; 22 N. J. L. 176 ; 72 Ind. 196 ; 13 Ill. App. 653 ; 16 W. Va. 305 ; 16 East 36 ; 18 Law Journ. 330.

*J. B. Jackson* for defendant in error.

Lucas, President :

The first error assigned in this case is that the court overruled the demurrer to the declaration, and each count thereof.

In order to decide upon this question, as well as upon many other points of controversy arising in this case, it will be convenient and useful to recur briefly to the history of the right and remedy herein invoked. The constitution provides, in sec. 9, Art. III : "Private property shall not be damaged or taken for public use without just compensation ; nor shall the same be taken by any company incorporated for the purpose of internal improvement until just compensation shall have been paid or secured to be paid to the owners ; and, when private property shall be taken or damaged for public use or for the use of such corporations, the compensation to the owner shall be ascertained in such manner as may be prescribed by general law."

This provision first came before this Court for construction and enforcement in the case of *Johnson* v. *Parkersburg*, 16 W. Va. 402. In that case the declaration was in trespass on the case, and the plaintiff averred that he had purchased a lot in the city of Parkersburg and erected a dwelling-house thereon, at a time when the established grade on a street adjoining said lot was fixed by the city engineer ; that subsequently the city commenced to change the grade of said street, until the grade was made five feet or more above that which was the established grade of said street at the time the plaintiff became owner of said lot, thereby obstructing egress from and ingress to plaintiff's dwelling-house. And that by reason of the premises plaintiff has

been and is greatly annoyed and inconvenienced in the use, possession, and enjoyment of said dwelling-house *etc.*, and the same thereby became and were greatly damaged and lessened in value, to the damage of the plaintiff five hundred dollars. By looking at this declaration in *Johnson* v. *Parkersburg*, it will be seen that the plaintiff avers ownership of the property, occupation of the same and damage to its value. The demurrer to the declaration was overruled, and Judge Johnson, in delivering the opinion of the Court, lays it down as a well-established rule that, where the constitution gives a right or forbids the doing of an injury to another, and no action be given therefor in express terms, still the party shall have an action therefor ; and, where no other remedy is. provided, a proper remedy is a special action on the case. The declaration in that case was substantially the same as the one at the bar, with the single exception that it alleged occupancy by the plaintiff at the date of the injury, while this declaration declares that the plaintiff possessed the premises, but they were in the actual occupancy of his tenant when the injury occurred.

It is contended that that is good ground for demurrer, and that it is necessary in an action of trespass on the case for the plaintiff to allege not only ownership and constructive possession, but actual occupancy in himself; and to sustain this position the case of *Gillison* v. *Charleston*, 16 W. Va. 282, is relied upon. The syllabus in that case says that to maintain an action of trespass for injury to real estate it is necessary to allege and prove possession, either actual or constructive, in the plaintiff at the time the injury was done. Upon looking at the case itself, it appears that the declaration states that the plaintiff was seized in fee as trustee for one Hattie Slack, and then proceeds to allege that she was continuously in possession of the injured premises. But the declaration omits to allege that the plaintiff was seized of the premises at the time the injury took place; and it is because of this omission that Judge Johnson sustained the demurrer to the declaration. In his opinion he makes this quite clear when he says : "If Hattie Slack was a lessee of the property at the time of the injury thereto, then she should have brought the action in her own

name; but if she was occupying the premises under the deed of trust to the plaintiff Gillison, then the declaration should have shown that such trustee at the time held the property and had, therefore, constructive possession thereof."

Now, the possession of the tenant is the possession of the landlord. The tenant may have his action for a temporary disturbance of his enjoyment of the premises, but for permanent injury to the reversion, inheritance or freehold the right of action is in him who is sezied and possessed of the same, whether his possession be actual, by his own occupation, or constructive, by the occupation of his agents, servants or tenants. For authority on this position I may cite Taylor on Landlord & Tenant as follows: "An action on the case for damages is the proper remedy whenever the plaintiff has merely a reversionary interest in the property, the possession being in another, for the erection of any kind of nuisance, or for not repairing a privy near to plaintiff's house; for not emptying a cess pool or sewer; for manufacturing candles, or erecting a forge; for undermining a house; for obstructing the entrance to a house; for not sustaining a sea-wall, whereby plaintiff's property was injured; for cutting down trees to the shade of which the plaintiff was entitled as occupant of the messuage; for keeping a slaughter-house near the plaintiff's house; for erecting a building from which the water runs on plaintiff's house, whereby it was injured; for continuing an iron manufactory, and making noise and annoying the plaintiff in the occupation of his house; or for excavating the defendant's ground too close to the foundation of the plaintiff's house (he having acquired a right to the support of the defendant's land) whereby its fall was accelerated." 2 Tayl. Landl. & Ten. § 783.

But, even had the law been otherwise heretofore, the provision of the constitution expressly declares that compensation for property taken or damaged shall be paid to the "owner;" and to say that the owner can not recover such compensation for permanent damage to the value of his property, because he is not at the time in its actual occupancy, would be to destroy a constitutional right in direct violation of the spirit and letter of the constitution.

When we come to consider subsequent and more recent exposition of the statute by this Court in the case of *Spencer* v. *Railroad Co.*, 23 W. Va. 406, and *Smith* v. *Railroad Co.*, Id. 451, all difficulties as to the rights and remedies of the mere tenant or owner of a term upon the one hand and the owner of the fee or inheritance on the other disappears. In those cases, both in the syllabus and opinion, it is made perfectly clear that for permanent injuries to the value of the property entire damages can be recovered in one suit, and no second suit can be brought for the same cause of action. It is also manifest from the study of those cases that the owner recovers damages which necessarily result from the building and proper use by the railroad company of its track in the adjoining street which it has taken and occupied. For any particular act of carelessness whereby the possession of the tenant was disturbed—not by such proper and lawful use, but by the reverse—he might perhaps bring his action for the disturbance of his possession and temporary enjoyment of the premises. A consideration of the principles here laid down and enforced by our own Court will relieve us of much difficulty in this case.

The declaration alleges ownership in fee of the property, constructive possession in the plaintiff, and counts for damage to the value of the property, alleging permanent injury, in almost the exact language of the allegation of the declaration in *Johnson* v. *Parkersburg.* We think, therefore, that there was no error in overruling the demurrer to the declaration.

A great many exceptions were reserved by the defendant on account of the admission of improper evidence. The first assignment on this subject was that evidence was admitted showing that the tenant of the plaintiff had infant children. This evidence was of course irrelevant, and should have been rejected, as it had no more bearing on the case than if witness had been asked the names of Noah's children. I think the exception trivial, however, as such evidence could not possibly have affected the verdict of the jury.

Evidence of the rental value, also that plaintiff had been offered one thousand dollars for his property, would seem

to be proper in assisting the jury in estimating the permanent damage. In the case of *Mason* v. *Bridge Co.*, 20 W. Va. 223, the court admitted evidence of the assessed value for purposes of taxation, as also the rental value of Mason's property; and this Court said it was not error.

Several exceptions were taken to the evidence that cars were run on said track, and at times left standing thereon, and that smoke and soot from the engine could be carried by the wind to plaintiff's dwelling. All these objections are readily disposed of by considering the distinction already drawn from the decisions of this Court in *Spencer* v. *Railroad Co.*, and *Smith* v. *Railroad Co.*, reported in 23 W. Va., as cited *supra*. There was no evidence given of any careless or improper use of track or running of cars. It is also perfectly proper and lawful for a railroad company to keep its cars standing on its own track whenever its business so requires. Evidence of the necessary and proper use of the railroad is the very evidence which is most material and proper in estimating the permanent damage to the property. The court confined this evidence up to the time of the institution of the suit, and of this restriction the defendant certainly could not complain. These observations dispose of the defendant's motion to exclude the plaintiff's evidence, as also his motion to direct the jury to disregard the same.

With reference to admitting the paper signed by John W. Garrett, president of the Baltimore & Ohio Railroad Company, and the record of the proceedings at the meeting of the directors of the Parkersburg Branch Railroad Company, the question whether the defendant was responsible for the occupation of the street was a material point to be decided, and in that connection this evidence would appear unobjectionable. Whart. Crim. Ev. § 527.

Another error in the ruling of the court strongly insisted on by the counsel of the plaintiff in error, in his brief, is that the court refused to allow the secretary of the Parkersburg Branch Railroad Company to testify in regard to the result of his examination of the books of the company as to a certain item of accounts covering the period of the work done in laying the Avery-Street track in question. These books were not kept by the witness, but were kept

by some one in the city of Baltimore; nor was there any evidence that this particular account was kept in more books than one. This being the case, the proper mode of proving the account would have been the production of the books, or, if this were very inconvenient or impossible, there should at least have been presented to the jury an authenticated copy of such account; and this, upon the general principle that secondary evidence is not admissible where better evidence or the best evidence is accessible. 1 Greenl. Ev. §§ 82, 91.

We come now to consider the instructions. The plaintiff offered none, and the defendant's were as follows:

"The jury are instructed: (1) That upon the issue joined on the first count in the declaration in this action the plaintiff is not entitled to recover damages for or on account of any permanent injury or diminution of the value of the house and lot in question." (Granted.)

"(2) That upon the issue joined in this action upon the first count, the plaintiff is not entitled to have damages on account of any supposed future and permanent injury to the plaintiff's property by reason of the construction and operation of the railroad track in question." (Granted.)

"(3) That upon the first count in his declaration the plaintiff is not entitled to recover on account of any injury to the premises of the plaintiff, not of a permanent character, but which may be incidental to the moving of engines or cars, or both, on the said track, and which may disturb the possession, or interrupt the egress or ingress and the use and enjoyment, of said property, if the jury believe from the evidence that the plaintiff on the 5th day of September, 1885, and the 28th day thereof, was not in possession of said property, but that said premises were then and there in the possession of George Hartleiber, the tenant of the plaintiff, under a lease." (Granted.)

"(4) That the plaintiff is not entitled to recovery upon the second count in this action if the jury believe from the evidence that the premises in question were on the 5th day of September, 1885, and from thence to the 29th day of September, 1885, in the possession of George Hartleiber, the tenant of the plaintiff, and the plaintiff himself was

not then in possession and enjoyment of said premises." (Refused.)

"(5) If the jury believe from the evidence that, at the time the track on Avery street in question was laid, the plaintiff was not in possession of the premises, but that the same were in use and enjoyment of his tenant, George Hartleiber, then the plaintiff can not maintain this action for any injury caused by said railroad track, or its use and operation, which merely affected the possession and use and enjoyment of the premises, or interfered with the egress or ingress to the same from the time such track was laid to and including the time of commencing this suit." (Granted.)

"(6) That upon the second count in this action the plaintiff is not entitled to recover any damages for or on account of any permanent injury to, or diminution of the value of, the premises in question." (Refused, and the following given instead by the court.) "6 If the jury believe from the evidence that the property of the plaintiff has been permanently injured and damaged, and its value depreciated, by the laying and construction of the railroad track in question, and that the defendant laid or had it laid and constructed by its agents and employes, then the plaintiff may recover under the second count in the declaration."

"(7) That if the jury believe from the evidence that at the time the railroad track was laid, and at the time this suit was commenced, the premises of the plaintiff were in the possession, use and enjoyment of his tenant, George Hartleiber, at a certain rent reserved upon contract, then the plaintiff is not entitled to recover for or on account of any injury to the comfortable and free enjoyment of said premises by smoke or noise, or the interruption of the convenient means of access, ingress, or egress to and from said premises (during the occupancy by said tenant) or of any rights incident to the whole, and affecting its present enjoyment or value." (Granted.)

"(8) That the plaintiff in this action is not entitled to recover upon the matters alleged in his declaration for any alleged injury caused to said property by the laying of the said track, that is of a permanent character, and

which affects injuriously or lessens the entire value of said property." (Refused.)

"(9) That by the ordinances and agreement of the city of Parkersburg and the Parkersburg Branch Railroal Co., given in evidence, the Parkersburg Branch Railroad Co., was authorized to lay a railroad track on Avery street (from the corner of Littleton, now 5th street) so as to connect with the track of said railroad company on Kanawha street, in Parkersburg, and if the jury believe from the evidence that the said Parkersburg Branch Railroad Co., laid and constructed said railroad track, and that said company furnished the material and paid the expense of laying the same, and that the defendant company did not lay said track (or have it laid by its agents or employes) they, the jury, must find for the defendant." (Granted as modified.)

"(10) That the plaintiff in this action is not entitled to recover any damages on account of any injury occasioned by the operation of said railroad track by the running of cars or engines thereon, or by smoke, noise, or soot, or other incidental circumstances attending the operation of said railroad track, before the 28th day of September, 1885, or since that date, and as to this claim of the plaintiff the jury must find for the defendant." (Refused.)

"(11) In this action the jury can not take into consideration, in ascertaining any damages, the rental value of the property of the plaintiff before or after the laying of the track in question." (Refused.)

"(12) In this action the jury can not take into consideration, in ascertaining damages, if any, the market value of the property of the plaintiff before or after the laying of the track in question." (Refused.)

"(13) If the plaintiff was not in possession of the property at the time the track was laid, and at the time this suit was brought, but the property was in possession of his tenant, he can not maintain this action." (Refused.)

"(14) The burden of proof is on the plaintiff to make out his case by a preponderance of evidence as delivered to the jury in the presence of the court (and the situation of the property in question as viewed by the jury under the order of the court) and (it devolves on the plaintiff by like

preponderance of evidence to satisfy the jury) that the defendant laid the said track." (Given as modified.)

"(15) The jury are not to take into consideration anything or any impression they saw at the view of the premises, in determining the rights of the parties to this suit." (Refused.)

(16) (Withdrawn by defendant.)

"(17) In determining this case the jury are not to take into consideration any future or prospective injury or damage that the plaintiff might sustain by reason of the railroad track, or its use and operation, to his said property (but they may take into consideration any permanent damages to and depreciation of the value of his said property by the laying and construction of said track." (Given as modified.)

"(18) That, to justify the plaintiff to recover damages for the laying of the track in question, it is his duty to allege both his title to and possession of the premises (by himself or his tenant) and also that his property had been permanently injured and damaged, and rendered of less value, by reason of the existence and operation of the said railroad, and also to prove his right to recover upon such allegations by a preponderance of evidence, and, failing to do so, the jury must find for the defendant." (Given as modified.)

"(19) That the jury in this case can not take into consideration any conjectures of what might happen by the prospective use and operation of said track to the property of the plaintiff, in order to estimate any damages in this action, if they should think the plaintiff entitled to recover anything." (Granted.)

"(20) The motive or purpose of the corporation which laid the railroad track in question is not a matter to be considered by the jury in this case for any purpose." (Granted.)

I have marked them so as to show which were given, which refused, and which granted after modification, but refused until modified by the court. It will be observed that the third instruction, which was granted by the court, carefully guards the defendant from any damage which the

jury might have been misled into giving for the temporary nuisance and disturbance of possession while the premises were actually occupied by the plaintiff's tenant, and for which the tenant himself might possibly have a cause of action. The fourth instruction was properly refused, upon the grounds heretofore fully explained in this opinion. The sixth instruction was refused by the court, and one given in lieu thereof which is extremely clear and perspicuous, laying down the law upon this subject as we understand it to be. The *gravamen* of the charge in the second count is that the said "dwelling-house and premises have, by means of the said premises aforesaid, been greatly damaged, lessened in value and permanently injured." This conclusion is almost identically the same as that of the declaration in *Johnson* v. *City of Parkersburg*, 16 W. Va. 405, except that it is rendered still more appropriate as a count for permanent injury by charging in direct language that the property has been "permanently injured." There was no error in this action of the court. And for the same reasons the eighth was properly refused. The ninth instruction was modified by the court in such manner as to call to the attention of the jury the fact that the defendant would be guilty of the trespass if it committed the injury through its agents or employes; and under the evidence in this case we can not say that this was improper. Had the court given the tenth instruction, it would have been equivalent to directing the jury to find for the defendant; since, if they could not give damage for anything that occurred before a given date, nor since that date, of course they could not give damages at all. Under our view of the case, as already expressed in this opinion, it was not error to refuse such an instruction. The eleventh, twelfth, and thirteenth instructions were erroneous for reasons already appearing from what we have heretofore said in regard to the nature of the action and the character of the evidence. The modification of the fourteenth, and the rejection of the fifteenth, involve the consideration of our statutes permitting the jury at their own request, or on motion of either party, to inspect the premises in dispute. The object of such view must be to acquaint the jury with the situation of the premises, and

the location of the property, so that they may better understand the evidence, and apply it to the local surroundings of the case. To instruct them to disregard everything they saw, and every impression they received from the view, would be to mislead them, because it is apparent that the view would be absolutely useless, and would not conduce to a "just decision," if both sight and apprehension were to be closed against the results naturally to be derived from an inspection of the premises. Code 1887, c. 116, s. 30; *Baltimore & O. R. Co.* v. *Woods*, 14 Gratt. 471. The modifications of the seventeenth and eighteenth instructions propound the law precisely as we understand it and have endeavored to explain it.

Finally, upon the motion to set aside the verdict, and grant a new trial, acting upon the well-settled rule of this Court, where the evidence, and not the facts proved, is certified, we can not say that the court below erred in refusing the motion; and the action of the court and its judgment, for the reasons stated, are affirmed.

AFFIRMED.

---

# CHARLESTON.

