# CHARLESTON.

SUSAN BARR, *Administratrix, etc. v.* EARL KNOTTS *et al.,
Partners, etc.*

(No. 5559.)

Submitted April 13, 1926.   Decided April 20, 1926.

1. MASTER AND SERVANT—*Master Has Duty to Use Ordinary
   Care to Provide Reasonably Safe Working Place.   Negli-
   gence in Performance of Duty to Provide Reasonably Safe
   Place is Generally Question for Jury.*

   It is the master's duty to use ordinary care and diligence
   to provide a reasonably safe place in which his servant is to
   work, considering the character of the work being performed;
   and whether the master has been negligent in the perform-
   ance of that duty is generally a question for jury determina-
   tion, under all the facts, circumstances, and inferences which
   may be reasonably drawn therefrom.   (p. 443.)

   (Master and Servant, 39 C. J. §§ 442, 1324.)

2. TRIAL—*In Considering Motion to Strike Out Plaintiff's Evi-
   dence and Direct Verdict for Defendant, Court Should be
   Guided by What Its Action Would be if Jury Had Re-
   turned Verdict for Plaintiff and Motion Was Made to Set
   it Aside Because Not Warranted by Evidence.*

   In considering a motion to strike out plaintiff's evidence
   and direct a verdict for defendant, the court should be guided
   by what its action would be if the jury had returned a ver-
   dict for plaintiff and a motion was made to set it aside be-
   cause not warranted by the evidence.   (p. 444.)

   (Trial, 38 Cyc. p. 1571.)

   (NOTE:   Parenthetical references by Editors,. C. J.—Cyc. Not
   part of syllabi.)

Error to Circuit Court, Tucker County.

Trespass on the case by Susan Barr, administratrix of the
estate of Frank Barr, deceased, against Earl Knotts and
others, partners under the firm name of Knotts Bros., to re-
cover for her husband's wrongful death.   Judgment for the
defendants and plaintiff brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*C. O. Strieby,* for plaintiff in error.

*J. W. Harman,* for defendants in error.

LIVELY, PRESIDENT:

This is an action of trespass on the case brought by the administratrix of the estate of Frank Barr to recover damages for her decedent's wrongful death while in the employ of defendants, Earl, Claude and Wilbur Knotts. Upon motion of defendants, the trial court struck out the plaintiff's evidence, directed the jury to find for defendants, and entered up judgment of nil capiat. This writ followed.

Defendants, under the firm name of Knotts Brothers, were engaged in the logging business, employing three crews of men to carry on this work. In June, 1923—the date of the accident resulting in his death—Frank Barr was a member of one of these logging crews which also included Earl Knotts (one of the defendants) and Mike Likens. Barr and Knotts were sawing the timber, while Likens went ahead with an axe and "notched" the trees in preparation for the sawyers, and ascertained if there was any danger in felling the timber. Barr was a young man, about twenty-two years of age, and while it appears from the record that he had worked in the woods, the extent of his experience in that work, particularly in the felling of trees, does not appear.

Likens was the only eye-witness of the accident testifying for the plaintiff. According to his evidence, while "chopping for the saw", he approached a rock oak tree to prepare it for the cross-cut sawmen. He noticed an old dead hickory standing so close to the oak that it ran up through the limbs of the latter tree, but he didn't at that time see any limbs on the dead hickory. After having "notched" the oak he proceeded to another tree. Just as the sawyers were completing their work on the rock oak, Likens, who was about thirty feet away, turned as he heard the cracking noise made by the tree in its fall, and as he did so he noticed two rather large limbs falling from the dead hickory which were broken loose by the crashing oak. The witness shouted two warnings to the sawmen. Both of them evidently heard his second outcry, and Knotts sprang out of danger; but Barr paused momentarily to see what was coming, whereupon he was struck on the head and fatally injured by a limb about fourteen feet in length and

the size of a man's arm in thickness, which had fallen from the dead hickory.

We are met at the threshold by the defendants' contention that this case cannot be reviewed, because the order overruling the motion for a new trial does not show an exception to the ruling of the court. The order does fail to note such an exception by plaintiff, but her Bill of Exceptions No. 1 contains the following: "* * * and thereupon the plaintiff moved the court to set aside the said verdict as being contrary to law and evidence, and grant her a new trial; that upon mature consideration of the said motion to set aside the verdict and grant a new trial the Court overruled the same, and refused to grant a new trial, to which action of the Court said plaintiff excepted, * * *" The bill of exceptions is a part of the record, and thus it appears from the record that an exception was taken to the ruling of the court at the time it (the ruling) was made. In the case of *Congrove* v. *Burdett,* 28 W. Va. 220, it was said: "If the record shows that the motion was made, overruled and excepted to, this is sufficient and all that the rule declared by this court in any of its decisions requires. * * * If the fact appears that such motion was made, overruled and excepted to appears in the orders or judgment of the court, or in any other proper manner by the record, the appellate court will review any rulings of the inferior court made during the trial, which are properly saved and presented by the record. In the case before us there is a bill of exceptions showing that the plaintiff in error made his motion for a new trial in the court below, that said motion was overruled and he excepted to said ruling. The case is therefore clearly within the rule, and the rulings of the circuit court were properly brought before this court for review." And in *State* v. *Spurr,* 100 W. Va. 121, 130 S. E. 81, this court said: "The Attorney General contends that the rule of evidence enunciated in *State* v. *McCoy* does not apply, because no objection or exception was made to the introduction of the evidence. Such might be inferred from the stenographer's transcript, but the court has certified in bill of exceptions No. 5 that the evidence of these officers was in

fact objected to and exceptions duly taken.'' See also *King* v. *Ohio Val. R. Co.*, 10 S. W. (Ky.) 631.

The basis of this suit, as alleged in the declaration, is the negligence of defendants in failing to use due care in furnishing plaintiff's decedent a reasonably safe place in which to work. And in determining this controlling question, it must be borne in mind that the defendants not having been subscribers to the Workmen's Compensation Fund, cannot avail themselves of the common law defenses of assumption of risk, the fellow servant rule, or contributory negligence. Chap. 15-*P*, Sec. 26, Code. But it should be noted in this connection that the servant assumes the risks incident to his employment, other than those occasioned by the master's negligence, notwithstanding the statute abolishes the common law defense of assumption of risk, in such cases. *Louis* v. *Construction Co.*, 80 W. Va. 159; *Zinn* v. *Cabot*, 88 W. Va. 118.

"It is a general principle of the law of master and servant that the master shall use ordinary care and diligence to provide a reasonably safe place in which his servant is to work, considering the character of the work in which he is engaged." 9 Ency. Dig. Va. & W. Va. Repts. 669; *Louis* v. *Construction Co.*, *supra*. The defendants' counsel contends that they have carried out that duty in the instant case. He points out that they had an old experienced woodsman (Likens) going ahead to "notch" the trees before they were sawed, who testified that he always looked to see if there was any danger; that he did look at the tree just before the accident happened and saw no danger. He said he looked for danger, and discovered the old dead hickory; that he looked up but could not see limbs branching out on the snag, and that he then prepared the rock oak for the saw. He saw nothing dangerous, and stated he would "not have been a bit of afraid to saw it myself." The dead hickory was standing near the oak which had a thick bushy top, and the hickory ran up through this bushy top. He said the limbs ran out and mingled, evidently referring to the rock oak limbs, for his inspection had not discovered limbs on the dead hickory. The limb which killed Barr was from the dead hickory and was about

fourteen feet long and about as thick as a man's arm. The other hickory limb which narrowly missed Barr in its fall was much larger. To cut the tree thus interlocked was an act fraught with danger. The result demonstrated the dangerous situation. It was not in fact a safe place to work. The master evidently considered it safe, for he went in with Barr to saw the tree; and evidently Likens, the experienced woodsman thought it safe, for he would not have hesitated to saw the oak.

The case, (a close one), turns upon whether Likens used ordinary and reasonable precaution to ascertain the danger. The law does not require the master to furnish an absolutely safe place for the servant; it must be reasonably safe, and he must use ordinary and reasonable endeavor and precaution to make it such. The actionable negligence under this declaration, if any, is the failure of the master to use prudence and ordinary care in ascertainment of danger before setting the servant to work without caution or warning. Likens says he looked up and did not discover any limbs on the hickory, and perceived no danger. We cannot say as a conclusion of law that this cursory inspection measured up to the requirement of ordinary care and prudence; and we think the question should have been submitted to the jury to determine under the evidence and circumstances. "If in any possible view of the evidence, a verdict would be sustained in favor of plaintiff, the court may not instruct in favor of defendant, although the seeming preponderance of the evidence is with him." *White* v. *Brewing Co.*, 51 W. Va. 259. A direction to find for defendant is proper if the evidence, and all inferences which could justifiably be drawn therefrom, are not sufficient to sustain a verdict for plaintiff. This is the general rule. *Pleasants* v. *Fant*, 22 Wall. 116, 22 L. ed. 780. And where there is substantial conflict as to the facts or inferences to be drawn therefrom, the question of negligence becomes one for the jury. *Burr* v. *Telephone Co.* 97 W. Va. 508, 125 S. E. 335.

It may be that the jury under proper instructions would have determined, as was in their province to determine, that ordinary care, prudence and diligence had been used by the

master for the ascertainment of reasonable safety in cutting the tree, accentuated by the act of the master in submitting himself to the danger, and the good faith of Likens who would readily have taken the risk after his inspection. We are not concerned with the possible verdict. The conclusion is that whether the master was negligent or not negligent, under the evidence and inferences reasonably drawn therefrom, calls for a verdict.

Our conclusion is to reverse the judgment and award a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*