# CHARLESTON.

## HEZ HARVEY *v.* CITY OF HUNTINGTON.

## (No. 5777).

### Submitted February 8, 1927. Decided February 15, 1927.

1. EMINENT DOMAIN—*Municipality, Changing Natural Grade of Street by Improvement, is Liable to Lot Holders For Damages Resulting Therefrom.*

   Generally, if a street reasonably suitable for use as a highway, be opened, and used upon the natural surface as a grade line, and it is recognized and treated by the municipality as a public street, and owners of lots abutting thereon build with reference to such natural grade, and the municipality later improves said street by grading, curbing, and paving the same, such natural grade becomes the established grade, and the municipality will be liable to lot holders for damages resulting from the change of grade. (p. 185).

   (Eminent Domain, 20 C. J. § 153.)

2.  SAME—*Grading, Paving, and Curbing Street Established on Natural Grade to Improve Travel Does Not Create Interference of Damage to Property Owners; Dedication of Way Impliedly Gives City Right to Eliminate Irregularities to Make it Suitable for General Use Without Liability for Interference With Rights of Ingress and Egress.*

However, where the original street is very steep and hard to travel in wet weather, damage to the property owner may not be inferred by reason of such subsequent grading, paving, and curbing of said street. The dedication of the way impliedly carries with it the right in the city to eliminate the irregularities of the ground to such an extent to make it suitable for general use without liability for interference with mere rights of ingress and egress.    (p. 186).

(Eminent Domain, 20 C. J. § 153.)

3.  SAME—*Measure of Damage for Change of Street Grade is Difference Between Value Immediately Before and Immediately After Change, less Special Benefits, But Not Considering General Benefits.*

The true measure of damages to property in such cases is the difference between the value of the property immediately before, and its value immediately after, the street improvement, less any special benefits to the property because of the improvement of the street, but leaving out of account such general benefits as accrue to it in common with other property similarly situated.    (p. 186).

(Eminent Domain, 20 C. J. §§ 208, 254, 259.)

4.  SAME—*In Property Owner's Action for Changing Street Grade, Refusing Instruction Attempting to Define Special Benefits Without Defining General Benefits is Not Error.*

It is not error to refuse an instruction which attempts to define special benefits alone, without defining general benefits, as both elements must be dealt with by the jury.    (p. 186).

(Eminent Domain, 20 C. J. § 409.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Cabell County.

Action of trespass on the case by Hez Harvey against the City of Huntington. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Calvin S. Welch,* for plaintiff in error.
*Philip P. Gibson,* for defendant in error.

WOODS, JUDGE:

This is an action of trespass on the case to recover $2,000.00 as compensation for alleged damage to plaintiff's residence property, lately incorporated in the City of Huntington, by reason of said city's action in establishing a grade line and lowering the grade of the street in front of said property preparatory to paving the same. Judgment for defendant, and plaintiff claims error.

The declaration alleges that the defendant lowered the grade to a depth of eight or more feet along the entire frontage of plaintiff's said property abutting thereon, and the entire width of said street, excepting a strip five or more feet in width between plaintiff's property line and the curb of said street, and left a sheer wall of earth eight feet or more in heighth along the entire frontage of plaintiff's lot without lateral support, and that by reason thereof all access has been cut off and that the property has been left in a dangerous condition and unfit for use and enjoyment. The evidence, however, tends to show that there was an embankment of some five or six feet between the old dirt road and the plaintiff's property, before the same was taken over and improved by the city, and that during said improvement that the original surface was not cut more than eighteen inches at the crown and more than nine inches at the curb next plaintiff's property. The evidence introduced on behalf of the plaintiff would value the property at $2,500.00 before, and $1,500.00 (less special benefits) after the excavation, while that of the defendant placed the value between $1,750.00 and $1,850.00 before, and $2,250.00 to $2,500.00 after excavation. While the witnesses did not seem to be very clear on the question of special damages, the evidence both for the plaintiff and the defendant was reasonably confined to the theory that the true measure of damages to the property, occasioned by the change in the grade thereof, was the difference between the value of the property immediately before and its value immediately after, the street improvement, special, but not general, benefits to the property being considered and included in the latter value.

*Jones* v. *City of Clarksburg,* 84 W. Va. 257. The plaintiff challenges the materiality and admissibility of certain parts of the evidence adduced by the defendant; but we are inclined to the belief that the Court, in its rulings thereon, very carefully guarded the interests of the plaintiff, and committed no material error. The jury, at the instance of the plaintiff, was taken to view the property.

The fact that the defendant admits that the grade of the road was lowered eighteen inches at the crown and nine inches at the curb does not of itself show that plaintiff's ingress and egress to his property has been materially interfered with to the extent that he is entitled to damage. Plaintiff must prove his damage; it cannot be inferred simply because a change has been made in the grade. In this case the lot in question is an abrupt hillside lot, located in one of the new subdivisions of the city. The road was very steep and hard to travel in wet weather. It is submitted that the dedication of the way impliedly carried with it right in the city to eliminate the irregularities of the ground to such an extent to make it suitable for general use, without liability for interference with mere rights of ingress and egress. *Hickman* v. *City of Clarksburg,* 81 W. Va. 394. "If it be true, as the jury certainly found the fact to be as one of the issues, in fact the real issue in the case, that the impairment has wrought no change in the true and actual value of the land considered in its entirety and in respect to the altered condition of the highway, then the plaintiff has not suffered any injury requiring the defendant to respond in damages, notwithstanding the inconvenience of access and expenditure necessary to restore a way of approach to the land and residences thereon." *Compton* v. *County Court,* 83 W. Va. 745. The view of the jury, was the very strongest evidence. *State* v. *McCausland,* 82 W. Va. 525; *Fox* v. *B. & O. Railroad Co.,* 34 W. Va. 466; 22 C. J. 767

No exception is taken to the instructions given on behalf of the defendant. At the request of the plaintiff, the jury were instructed:

No. 1. "The court instructs the jury that, if you find from the evidence that North High Street, on

which plaintiff's property abuts, was reasonably suitable for use as a highway before it was graded and paved, and had been open and used upon practically the natural surface as a grade line, and recognized and treated by the City of Huntington as a public street of the city, and that the plaintiff built his house with reference to such natural grade before the adoption of a paper grade line by the city, then such natural grade became the established grade, and the city is liable to the plaintiff for any damages to his property that you may find from the evidence has resulted from the change of grade.''

No. 2. ''The court instructs the jury: If you find from the evidence that the plaintiff's property has been damaged by the defendant in lowering the grade of the street in front of his property, as alleged in the declaration, then in arriving at your verdict as to the amount of such damages, you should take into consideration your view of the premises, the condition and situation there immediately before and immediately after the street improvement was made, together with all the other evidence before you, and then measure the damages by the difference between the value of the property immediately before, and its value immediately after the street improvement, special benefits, if any, resulting from the improvements to be considered. But in estimating the value of the property immediately after the change, you should not consider and should not count any general benefit to that property which it shares in common with other property along the street by grading and paving the same.''

The court refused to give plaintiff's instruction No. 3, which is:

''The court further instructs the jury that special benefits as used in these instructions, means something specially affecting the value of the plaintiff's property, alone—something that is not shared in by other property similarly situated.''

Counsel for plaintiff stresses the refusal of this instruction as their chief point of error. It will be seen that instruction No. 2 refers to both general and special benefits, and that the

instruction refused defines special benefits only.  Instruction No. 2, by implication, incorporates plaintiff's theory of special benefits by telling the jury, "But in estimating the value of the property immediately after the change, you should not consider, and should not count any general benefits to that property which it shares in common with other property along the street by grading and paving."  This Court has often held that it was difficult to define special benefits and in a number of cases has not undertaken to do so.  *Jones* v. *City of Clarksburg, supra; Rutherford* v. *City of Williamson,* 70 W. Va. 402.  The instruction at least is incomplete, in this, that it fails to define general benefits.  Both elements must be dealt with by the jury.  It is therefore not error to refuse the instruction as offered.  *Barnes* v. *City of Grafton,* 61 W. Va. 409 ; *State* v. *Vineyard,* 85 W. Va. 293.

The evidence was conflicting.  The jury went upon the ground and saw for themselves, and, after having so inspected the premises, and heard the evidence, they found a verdict for the defendant.  We are not warranted in disturbing their finding.

*Affirmed.*