E. M. THORN, *Administrator, v.* ADDISON BROTHERS & SMITH, *Inc.*

(No. 8585)

Submitted September 29, 1937. Decided November 30, 1937.

480

*John R. Pendleton,* for plaintiff in error.
*Ajax T. Smith* and *Hartley Sanders,* for defendant in error.

FOX, JUDGE:

Addison Brothers & Smith, Inc., defendant below, plaintiff in error, complains of a judgment against it in the Circuit Court of Mercer county, rendered upon the verdict of a jury in favor of E. M. Thorn, administrator of the estate of Lillie B. Thorn, deceased. The action was based upon alleged negligence of the defendant causing her accidental death by a fall through an opening in the main floor of the warehouse of the defendant and into a basement thereof. The material facts may be stated as follows:

The defendant was engaged in the wholesole grocery business in the City of Princeton, and operated in a warehouse consisting of a basement and two floors above the same. The warehouse fronted on a Virginian Railway side-track, and there was an entrance six feet wide opening by double doors into a hallway about ten feet wide, on the left of which were three offices extending along the side of the building, and on the right a small room known as a candy room, principally used for storing candy, chewing gum, etc. The door to the candy room and the door to the office across the hallway were nearly opposite; beginning at the candy room door, there was an opening in the floor, two feet wide and four feet long, which extended into the hallway about three feet, or within seven feet of the office door and within approx-

imately three feet of the entrance doors. The opening was ordinarily covered by a trap door which was occasionally removed to provide access to the basement, used as a refrigerating room. This basement at certain times was affected by high water; shortly before the accident it had been so affected, and the trap door had been removed for the purpose of ventilating the basement.

The accident occurred on the afternoon of April 3, 1935. During the day, and up until immediately before the accident, the decedent had been working in one of the offices in company with Smith, the general manager, and had apparently completed her work for the day. Shortly before this, an employee of the company had been directed by the general manager to open the trap door and to "put some boxes and things around it to protect it". This order had been complied with, the trap door having been removed and the opening in the floor surrounded on two sides by two boxes of oranges or apples, one in front of the opening and the other on the side, two baskets of kale next to the candy room, behind the orange or apple boxes, and a bushel basket containing two one gallon jars of vinegar placed at the corner on top of the boxes, and one or two bushels of turnips placed at some point. The other side of the opening was protected by one of the entrance doors which was swung around to connect one of the boxes, thereby preventing access to the opening from that side. The door to the candy room was closed and secured by an open lock resting in the hasp. Instruction to open the trap door was given in the presence of the decedent or in such close proximity as to lead to the inference that she heard or could have heard the same. At the time of the accident, one Stewart Six was in the hall of the warehouse, a few feet from the opening, engaged in sorting kale, and while so occupied, the decedent came out through the office door into the hall and asked Six "if there was any candy opened," to which he replied that he did not know and went on with his work. He states that she "was headed for the candy room", and immediately thereafter some exclamation attracted his attention and as he glanced up, he saw the decedent as she was falling into the opening

in the floor. He did not see what caused her to fall and there is no testimony in the case as to what occasioned the fall. The general manager and a traveling salesman were in the office at the time of the accident, and employees of the defendant were working on the upper floor of the building. Apparently she fell from the corner of the opening where the basket containing the vinegar was placed because the bottles of vinegar and the basket containing them fell into the basement with her. The testimony with relation to her inquiry whether or not there was any candy open was brought into the case because it appears that the manager had given instructions prohibiting employees, including the decedent, from taking candy from the candy room. There is conflict in the testimony with respect to the character of these instructions. The general manager states that his instructions against taking candy were absolute (and in this he is corroborated by his son), while one witness testified that he heard the manager say to the decedent "that he didn't want that candy broken into", and another that "he didn't want us breaking into anything". The evidence further is that the decedent's duties did not require her to go into the candy room for any purpose, and that it was not customary for her to do any work outside the office, although she may occasionally have gone to other places in the warehouse and was not prohibited from doing so.

The defendant, at the time of the accident, was not a subscriber to the Workmen's Compensation Fund, and is therefore deprived of the benefits of the common law defenses of assumption of risk, contributory negligence and the negligence of a fellow servant. Code, 23-2-8. However, before recovery may be had, actionable negligence on the part of the defendant or its agents must be shown. *Watts* v. *Ohio Valley Electric Railway Company*, 78 W. Va. 144, 88 S. E. 659; *Wilkin, Admr.* v. *Koppers Co.*, 84 W. Va. 460, 100 S. E. 300; *Louis* v. *Smith-McCormick Construction Co.*, 80 W. Va. 159, 92 S. E. 249; *Zinn* v. *Cabot*, 88 W. Va. 118, 106 S. E. 427; *Laas* v. *Lubic*, 101 W. Va. 546, 133 S. E. 142; *Laas* v. *Lubic*, 105 W. Va. 513, 144 S. E. 225; *Holton* v. *Clayco Gas Company*, 106 W.

Va. 394, 145 S. E. 637. There is, therefore, presented the clear cut issue of whether or not negligence on the part of the defendant has been shown in this case warranting a recovery against it.

It was the duty of the employer to furnish to his employee a reasonably safe place in which to work. *Louis* v. *Smith-McCormick Construction Co., supra; Wilkin, Admr.* v. *Koppers Co., supra; Schilling* v. *Koppers Co.,* 83 W. Va. 737, 99 S. E. 75; *Barr, Admx.* v. *Knotts,* 101 W. Va. 440, 133 S. E. 114; *Moll* v. *Bayha,* 108 W. Va. 173, 150 S. E. 515. This is conceded, but it is contended that the evidence shows that the defendant did furnish to its employee, Lillie B. Thorn, a reasonably safe place in which to work; that there was no negligence in removing the trap door and creating the opening, when the same was made with knowledge of the decedent, and was fully protected; and that there being no material dispute on the facts, the question of liability is one of law for the court. This latter contention is sustained by *Ketterman* v. *Dry Fork Railroad Co.,* 48 W. Va. 606, 37 S. E. 683; *Reilly* v. *Nicoll,* 72 W. Va. 189, 77 S. E. 897, 47 L. R. A. (N. S.) 1199; *Craft* v. *Fordson Coal Company,* 114 W. Va. 295, 171 S. E. 886; *Linville* v. *C. & O. Railway Co.,* 115 W. Va. 610, 177 S. E. 538; *Barron, Admx.* v. *B. & O. Railroad Co.,* 116 W. Va. 21, 178 S. E. 277; *Wood* v. *Shrewsbury,* 117 W. Va. 569, 186 S. E. 294.

On the other hand, it is equally well established that where the evidence is such that reasonable minds may differ on the effect to be given thereto, it is the province of the jury to pass upon the facts involved. *Ketterman* v. *Dry Fork Railroad, supra; White* v. *Hoster Brewing Co.,* 51 W. Va. 259, 41 S. E. 180; *Ewing* v. *Lanark Fuel Co.,* 65 W. Va. 726, 65 S. E. 200, 29 L. R. A. (N. S.) 487; *Lindsey* v. *Produce Co.,* 91 W. Va. 118, 112 S. E. 310; *Burr* v. *Limestone Telephone Co.,* 97 W. Va. 508, 125 S. E. 335; *Barr, Admx.* v. *Knotts, supra.*

A view of the premises where the accident occurred was had by the jury, and as a part of the view, an effort made to reproduce the situation which existed at the time of the accident, with respect to the safeguards placed around the opening at that time. Plaintiff strongly re-

lies upon the weight to be given to this view by the jury. That the jury was entitled to take into consideration, along with the testimony introduced in the case, what it observed on the view, is well sustained by our authorities. *Fox* v. *B. & O. Railroad Co.*, 34 W. Va. 466, 12 S. E. 757; *State* v. *Henry*, 51 W. Va. 283, 41 S. E. 439; *State* v. *McCausland*, 82 W. Va. 525, 96 S. E. 938; *Harvey* v. *Huntington*, 103 W. Va. 186, 136 S. E. 840; *Chesapeake & Ohio Railroad* v. *Allen*, 113 W. Va. 691, 169 S. E. 610. In the *McCausland* case, and the *Harvey* case, the view is referred to as evidence, but it is not strictly such, and in *Chesapeake & Ohio Railroad Company* v. *Allen, supra,* it is held that "The primary object of having a jury view premises in question is to display the local situation so that the jury may better understand the record evidence. The view is not to furnish essential evidence *dehors* the record." The view had in this case, and the effort made to represent to the jury the premises as they were at the time of the accident, were proper and the jury was warranted in considering that view in connection with the testimony of witnesses introduced in the case.

We now come to the inquiry whether or not, upon the evidence and the view had by the jury, the question of the negligence charged against the defendant was one which should have been submitted to the jury. Removing the trap door and leaving unguarded the opening created thereby, considering the location thereof would have constituted actionable negligence. *Reilly* v. *Nicoll, supra*; *Louis* v. *Smith-McCormick Construction Co., supra; Lindsey* v. *Produce Co., supra*; *Moll* v. *Bayha, supra*. The only way by which the employer could have avoided liability with respect thereto was to place around the opening a guard such as would provide reasonable protection to employees or other persons having the right to be on the premises. The issue is therefore reduced to whether or not the boxes and baskets placed on two sides of the opening were sufficient protection to reasonably guard against accidents such as that in which the decedent lost her life, and whether or not that question was one for the jury to decide. The solution of the question presented being one on which reasonable minds might differ, we

have come to the conclusion that it was properly submitted to the jury, and that the court would not have been warranted in holding, as a matter of law, that the attempt made by defendant to guard this opening was such as to acquit it of negligence, and the liability resulting therefrom.

The contention is strongly urged that there can be no recovery in this case because the decedent, at the time of the accident, was engaged in a mission of her own, in violation of an instruction of her employer. There is conflicting testimony on this point on which the jury had the right to pass. We may accept the contention that at the time of the accident the decedent was attempting to enter the candy room, but we cannot say, as a matter of law, that her mission was one forbidden by her employer. Conflicting testimony bars us from that action.

The case having been properly submitted to the jury, and a verdict in favor of the plaintiff returned, the same cannot, under well settled rules of practice, be disturbed.

The judgment of the circuit court is therefore affirmed.

*Affirmed.*