# CHARLESTON

## CAMPBELL v. CITY OF ELKINS.

Submitted September 15, 1905. Decided November 14, 1905.

1. PUBLIC ROADS, STREETS, ETC.

To establish *prima facie* the public character of a road, street or alley, it is only necessary to prove its use as such by the public and recognition of it as such by the county court, or the city or town, as the case may be, and such act of recognition may be shown either by the records of the county court or municipal corporation, or by proof of work done upon the same by one who is shown to be the officer whose duty it is to take care of, work and repair, the road in the precinct in which it is or the street or alley of the town or city. (p. 310).

2. PUBLIC ROADS, STREETS, ETC.

In establishing such recognition by proof of work done upon the road or street by such officer, the amount and character of the work is immaterial, if it be such as to show clearly that it was work upon the road or street for the public benefit. (p. 310).

3. MUNICIPAL CORPORATIONS—*Personal Injury—Latent Defects.*

Liability of a municipal corporation for injury occasioned by a latent defect in a street or road,—such a defect as the injured party could not have observed or discovered by the exercise of reasonable care and prudence,—is absolute, and does not depend upon lack of diligence or care on the part of the corporation. (p. 311).

4.  MUNICIPAL CORPORATIONS —*Personal Injury—Latent Defects.*

    A board in a wooden sidewalk, laid on stringers resting upon smooth ground, not dangerous in character, so unsound as to given way under the weight of a pedestrian and injure him is an actionable defect under the law of this state. (p. 311).

5.  ACTION EX DELICTO—*Judgment—Interest.*

    A judgment rendered upon a verdict in an action *ex delicto* should bear interest from the date of the verdict, if there be one, and not from the date of the judgment. (p. 316).

Error to Circuit Court, Randolph County.

Action for damages by L. H. Campbell against City of Elkins. Verdict for plaintiff and defendant brings error.

*Affirmed.*

W. B. MAXWELL and E. D. TALBOTT, for plaintiff in error.

WAMSLEY & COBERLEY, for defendant in error.

POFFENBARGER, JUDGE :

The City of Elkins complains on a writ of error, of a judgment of the circuit court of Randolph county, against it in favor of L. H. Campbell, for damages resulting to him from a defective sidewalk whereby his ankle was dislocated and his leg broken.

The errors assigned are predicated on the action of the court in overruling the demurrer to the plaintiff's evidence, refusing to set aside the verdict of the jury on the ground of excessiveness, and rendering judgment for the amount of the damages assessed by the jury with interest thereon from the date of the verdict.

Very slight evidence of recognition, by the city, of the street on which the injury occurred is found in the record. No ordinance or order of the council recognizing it as a public street appears, but J. G. L. Shaffer, superintendent of streets at the time, testified that he thought that particular street was under the control of the city in October and November, 1900, and in that connection said: "We repaired the walks." He also testified that this work was done under the direction of the city authorities. James A. Bent testified that the street in question had been there "since the town was built," but he proves no acts of recognition by the city authorities. That the people used the street is disclosed by considerable evidence in the case, but the only testimony to an act of recognition is that of Shaffer, and he does not say

by whom or in what manner he was directed to make repairs upon the walks. In response to the question whether it was done under the direction of the city authorities, he replies, "Yes, sir," but this is very indefinite. Whether he was so directed by the mayor, a member of the council, the street commissioner or some other officer, or whether the direction was given in pursuance of an order of the council, is in no way indicated.

It is well settled by the decisions of this Court, however, that proof of the mere working of a road by a road surveyor, and its use by the public are sufficient to establish the character of the road as a public road in any proceeding. (*Boyd* v. *Woolwine*, 40 W. Va. 282; *Ball* v. *Cox*, 29 W. Va. 407; *Yates* v. *Grafton*, 33 W. Va. 507; *Kelly's Case*, 8 Grat. 832; *Parrish* v. *Huntington*, 57 W. Va. 286.) The same rule is declared in *Yates* v. *Grafton* to be applicable to the streets and alleys of cities and towns, and this view finds support in the fact that the statute upon which the doctrine rests is applicable to both classes of highways. It says: "And every road, street or alley used and occupied as a public road, street, or alley, shall in all courts and places, be taken and deemed to be a public road, street or alley (as the case may be,) whenever the establishment thereof as such may come in question." Code, chapter 43, section 31. If used by the public and recognized in any manner by the public authorities in charge of the county roads or streets and alleys, as the case may be, the road, street or alley in question is a public highway. Proof of these facts make it such *prima facie.*

If the work done is of such character and is done by such person and under such circumstances as to show an express and unequivocal act of recognition, the amount or importance of the work is immaterial. It may be much or little, but it must be done in such manner and by such person as to show intent to treat it as a public highway. The sidewalk is part of the street and work on it is work on the street necessarily. As he was the officer of the city charged with such work, corresponding to the road surveyor in the case of county roads, is it not enough, under our decisions, that it appear that work was done upon the street by him? It would seem that it is not necessary to prove that he had particular direction from

the council to do the work.    *Yates* v. *Grafton* says :  "Acceptance of the county or city or incorporated town need not be proved by matter of record, but may be presumed from acts of recognition, acceptance and claim." Point 4 syllabus. *Talbott* v. *King*, 32 W. Va. 6, says : "The *user* must be accompanied either by an order of the county court recognizing it in some way as a road, or the road must be worked by a surveyor as such," and, in the opinion in that case, the evidence is reviewed and analyzed thoroughly to ascertain whether the fact of work by a surveyor is established by it. The inquiry does not go to the extent of the directions under which he worked or his authority as an overseer.    These inquiries seem to have been regarded as unnecessary in view of the presumption in favor of the regularity of the acts of public officers.    Though very slight, the evidence must be held, under the decisions above referred to, sufficient to warrant a finding by the jury that the street in question was a public one, and, therefore, good on demurrer.

The plaintiff testified that, as he was walking at a rapid gait, near the middle of the board walk, about nine o'clock in the evening, his foot slipped on a certain plank and broke it down so that his right heel went into a hole, made by the breaking of the board, and threw him forward with his weight on that foot, and thus dislocated his ankle and broke a bone in the leg.    He produced, on the trial, a part of the board which he says so broke with him and showed that it was decayed to some extent.    As to the character of the defect, his testimony is rather indefinite.    It did not let his foot go clear through, but he says his foot went into it and his heel caught in the next plank and kept him from falling, which statement seems to import that the defect was such as to permit his heel to become fastened in it so that his weight thrown upon the foot, either forward or to one side, dislocated the ankle and broke a bone.    He says he saw the hole that night, November 25, 1900, and went back in April or May, following, and found the hole still there, and that a board had broken in the middle, and the end of the part toward the street was down in the middle of the walk, while the other half rested on the stringer nearest the property line and the middle stringer.    The piece produced at the trial was the one the end of which had gone down under his weight.    Another witness

swears he went the next morning and examined the sidewalk to ascertain, if possible, the place and manner of the injury, and found a hole in the sidewalk, and, from the tracks left in the frost by the plaintiff in crawling away seeking assistance, he was able to locate that as the place at which the injury occurred. But he does not describe the hole in the sidewalk. For aught that he says, it may have been a mere depression caused by a broken board which had settled slightly. The physician who was called to attend him, was mayor of the city at the time and on cross-examination he gave contradictory statements of the plaintiff as to the place at which, and the manner in which, the injury was sustained, saying the injured man had told him he had fallen at an offset in the walk. The street commissioner called as a witness for the defendant, says that, having heard of the accident, he went the next day and examined the sidewalk and found that, owing to the rotting away of the middle stringer, a board had broken in the middle and swagged, so as to make a depression in the walk, four or five inches deep, but he did not think it was of sufficient size and depth to allow a person's foot to go down into it. Mrs. Poe, another witness for the defendant, said the plaintiff had come to her door that night seeking help and while there had told her he had slipped and dislocated his ankle.

Absolute liability of municipal corporations for injuries occasioned by defects in highways, imposed by the decisions of this Court, starting with *Sheff* v. *Huntington*, 16 W. Va. 307, and coming down to *Arthur* v. *City of Charleston*, 51 W. Va. 132, renders it impossible for the Court to say, in cases of this class, whether there is any evidence of negligence or want of care on the part of the corporation and withhold them from the jury for lack thereof. Diligence and the exercise of even the highest degree of care does not excuse. Under this rule, a sudden disaster to a highway, such as the falling of a tree across it, or a landslide into it, or its demolition by storm, in the night, in front of a traveler, resulting in injury to him or his property, under such circumstances as would prevent both him and the officer charged with oversight of the road, from having any previous knowledge of the occurrence, would probably make the corpora-

tion liable, but "so the law is writ," and has been for twenty-five years.

In *Chapman* v. *Milton*, 31 W. Va. 384, the weight of the burden which this construction of the statute imposes was pointed out, and as a sort of countervailing principle, the law of contributory negligence adverted to, in the following language: "But in cases like that now under consideration, where the statute in express terms imposes an absolute liability upon the town, it is unnecessary to allege or to prove notice of the defect to the town. This statute seems to be somewhat harsh and impolitic; but it is one the legislature had the power to make, and therefore nothing is left to the courts but to enforce it. However, the construction we have given it is not likely to expose municipal corporations to any extraordinary burden, because if the defect in the highway be open and visible, and the traveler, through his own negligence or rashness, should, by attempting to pass over it, thereby suffer injury such injury would be attributable to himself, and could not be said to arise from the want of repair to the highway."

In recent years the principles of the law relating to contributory negligence seem to have been applied in determining what constitutes a defect in a highway as well as in estopping the plaintiff from claiming damages, when the defect is clearly proven, but he has contributed to his own injury by his negligence in attempting to use the defective part of the road or street. As the law imposes upon the traveler the duty of exercising care in the use of the streets, such highways as may be safely used, by the exercise of care and prudence, are held not to be defective or out of repair, and injury thereon gives no right of action. *Van Pelt* v. *Clarksburg*, 42 W. Va. 218, declares that: "A municipal corporation is not an insurer against accidents upon its streets and roads. Nor is every defect therein, though it may cause the injury sued for, actionable. It is sufficient if the streets and roads are in a reasonably safe condition for travel in ordinary modes, with ordinary care; and whether so or not is a practical question to be be determined in each case by its particular circumstances." In *Waggener* v. *Town of Point Pleasant*, 42 W. Va. 798, on demurrer to the declaration, the court held that: "The averment that a person, while passing over a

public brick sidewalk in bad repair, rough, uneven, sideling, and slippery, caught his foot against a projecting brick, fell down, injuring himself, does not state a sufficient cause of action, as such incidents are liable to occur with the old and feeble, careless and indifferent, at almost any place or time. Municipalities are simply required to keep streets and sidewalks in a reasonably safe condition for persons traveling in the usual modes, by day and night, and exercising ordinary care." To the same effect see *Yeager* v. *Bluefield*, 40 W. Va. 484. In all these cases the alleged defects were patent,— such as could be seen and overcome by exercising care in passing them.

*Moore* v. *Huntington*, 31 W. Va. 842, denies the application of these principles in the cases of latent defects, one which cannot be observed or known before injury results from it, and seems to close every avenue of escape from liability for injury by them. After stating the rule applicable to patent defects, the court there says: "But, if the injury does not result from these but from another and latent defect, which no reasonable degree of prudence or care could detect, he (a person using the street) will not be considered as taking the risk of injury from the latent defect." In the opinion, at page 849, JUDGE SNYDER says a person so injured will be entitled to recover if the defect is one "for which the municipality is responsible," but nothing in the opinion indicates any state of circumstances under which, in such case, the defect could be considered one for which the municipality would not be responsible. In that case, as in this, the plaintiff was injured by the breaking of a board in a wooden sidewalk, and of the defect, the court said : "This was a latent defect, for which the defendant was responsible by reason of its neglect in not repairing the sidewalk." As under the decisions hereinbefore noted, the liability of the town is absolute, not dependent upon its negligence or want of care, the word "neglect" could not have been used in its ordinary legal sense, and must be deemed to have been used to signify mere failure to repair, although it did not appear that the corporation had had any knowledge of the defect. In several of the states having statutes similar to ours, liability for such defects does not attach unless negligence on the part of the town is established by showing either knowledge of it or

want of ordinary diligence which would have revealed it,
such as failure to inspect. Thomp. Com. Neg. § 6156. *Jack-
son* v. *Pool*, 91 Tenn. 448; *McGrail* v. *Kalamazoo*, 94 Mich.
52. But our decisions have adopted the principle enunciated
in their prototype, *Merritt* v. *Hampden*, 26 Me. 234, hold-
ing that "If there be a defect in the road, however small,
which occasions an injury, the party injured using common
and ordinary care, the town is liable." See *Sheff* v. *Hunt-
ington*, cited. Hence, in determining whether an imperfec-
tion in a highway which occasions an injury, when the trav-
eler is not in any way at fault, and has had no means of
knowledge of it, is an actionable defect, the court cannot base
a negative answer on want of evidence of negligence. The
town's duty is absolute, and, to prevent liability, it must ap-
pear that it has provided a reasonably safe sidewalk, street
or road, as the case may be.

Here the walk was composed of oak boards, about six or
seven feet in length, laid cross-wise on three stringers, about
equi-distant from each other, and for aught that appears to
the contrary, resting on the ground. As the broken board
sank only four or five inches below the others, on account of
the decay of the stringer, the boards were probably
not more than six inches above the ground. The walk
was from five to seven years old, but the boards, save the one
which broke, appeared to be sound. The street on which it
was did not bear the burden of heavy travel, and was not
lighted for use at night. Those who used it most were school
children. It was not over dangerous ground, such as a ditch,
ravine, or sideling place, in view of which the breaking of a
decayed board might reasonably be expected to result in in-
jury, but on a comparatively smooth surface in consequence
of which ninety-nine boards might break without injury to
the traveler, and the one hundredth with such injury. Under
such circumstances, the law announced by the Tennessee court
in *Jackson* v. *Pool*, 91 Tenn. 448, might be urged, without
doing any violence to reason. There this principle was de-
clared: "In suit against a city for personal injuries sustained
by the plaintiff while passing over a common plank sidewalk
laid upon the ground, by reason of an alleged defect therein,
there being proof tending to show the defect was latent, it is
error for the Court to charge that the city was liable, though

the defect was latent, if it could have been discovered by 'inspection, observation, or otherwise.' This strong doctrine is not applied to latent defects in common sidewalks, but only to defects in structures over dangerous places." But it would be inconsistent with the law as evidenced by our decisions; for, in Tennessee, the basis of municipal liability, as revealed by the above quotation itself, is negligence, not violation of a statutory guaranty of safety, when the pedestrian is not himself in any way at fault.    Under *Moore* v. *Huntington*, cited, and principles uniformly declared by our decisions, the imperfection under consideration must be deemed a defect and actionable.

It is hardly necessary to remark that there is suffisient evidence to warrant a finding by a jury that the injury resulted from the defect, since there is direct and positive evidence to this effect, as has been already indicated.    The demurree is entitled to the benefit of all inferences fairly arising from the evidence.    *Barrett* v. *Coal Co.*, 55 W. Va. 395; *Gunn* v. *Railroad Co.*, 42 W. Va. 560.    If the evidence, were it permitted to go to the jury, would sustain a verdict in favor of the demurree, the demurrer should be overruled.    *Kelley* v. *Railroad Co.*, decided at this term.

As the verdict was rendered May 8, 1903, the subsequent rendition of judgment for the amount thereof with interest from the date of the verdict was in strict obedience to the mandate of the statute.    Code 1899, chapter 131, section 16. Prior to the Acts of 1882, Chapter 120, amending certain sections of the Code, including sections 14 and 16, this would have been error.    *Fowler* v. *Railroad Co.*, 18 W. Va. 579. But the act of 1882 amended the chapter so as to make it say, in section 14, judgment shall be entered "with interest from the date of the verdict" instead of "from the date of the judgment" as in the Code of 1868, and, in section 16, for the aggregate of principal and interest due at the date of the verdict, if there be one, otherwise at the date of the judgment or decree, with interest thereon from such date, in all cases as to which it is not otherwise provided.    "Such date" means the date of the verdict, when there is one, and the date of the judgment or decree, when there is no verdict.    This is the plain logical, as well as grammatical, connection and meaning of the words.    *Fowler* v. *Railroad Co.*, cited, and

*Hawkre* v. *Railroad Co.*, 15 W. Va. 628, assert that actions for damages are ruled by the two sections above referred to, and as they have been amended so as to give interest from the date of the verdict instead of the date of the judgment, those two cases sustain ·the interpretation of the statute herein expressed.

As no error is perceived in the judgment, it will be affirmed with costs and damages according to law.

*Affirmed.*