# CHARLESTON.

ELIZABETH GARR v. THE CITY OF McMECHEN, A MUNICIPAL CORPORATION.

Submitted September 7, 1920.    Decided September 14, 1920.

1. MUNICIPAL CORPORATIONS—*One Injured by Hidden Perils in Unimproved Part of Street May Recover.*

    While the authorities of a municipal corporation, in the exercise of a proper discretion, may determine not to pave or improve the entire surface of one of the public streets, yet the public have a right to use the unimproved part thereof; and if such unimproved part is rendered dangerous for use in the ordinary way, by secret or hidden perils created therein by the municipality itself, one injured by reason thereof will be entitled to recover damages for such injuries. (p. 596).

2. SAME—*Duty to Keep Streets Safe Extends to Parts Adjacent to Traveled Way.*

The duty of a municipal corporation to keep its public streets and alleys in a reasonably safe condition for travel thereover in the ordinary mode, by day or by night, extends, not only to that part of such streets actually used for travel, but to adjacent parts so close to the traveled way as that it may reasonably be contemplated that obstructions thereon or defects therein may cause injury to travelers, should they slightly diverge from the beaten path or traveled way. (p. 598).

(WILLIAMS, PRESIDENT, absent.)

Error to Circuit Court, Marshall County.

Action by Elizabeth Garr against the City of McMechen. From a judgment setting aside a verdict in her favor, plaintiff brings error.

*Reversed; judgment for plaintiff.*

*Martin Brown,* for plaintiff in error.
*J. C. Simpson,* for defendant in error.

RITZ, JUDGE:

This writ of error brings up for review a judgment of the circuit court of Marshall county setting aside the verdict of a jury rendered in an action for personal injuries received by the plaintiff on one of the streets of the defendant.

The plaintiff was at the time of the injury complained of a resident of the defendant, a municipal corporation, and on the day of the accident had occasion to go from her place of residence to a store situate on the north side of Eleventh street in said city, the plaintiff's residence being south of Eleventh street, so that it was necessary, in order to reach her destination, to cross this street. It appears that the north half of Eleventh street has been paved by the city authorities, and that a sidewalk has been laid on the north side of said street, the south half of said street remaining unimproved, and without a sidewalk being laid on that side thereof. The plaintiff in going from her home to her destination, when she reached Eleventh street, proceeded along the south side thereof, on which there was no sidewalk, to a point at which an alley intersects with said street, at which point she crossed Eleventh street to the north

side thereof, and practically the same route was traveled by her in returning. It appears that on the south side of said Eleventh street, very near the point at which the alley above referred to intersects with said street, the city authorities, several years before the accident, excavated a catch basin to be used as part of a proposed sewerage system. This basin was three or four feet deep and some two or three feet in diameter. After it had been excavated and walled up with brick it was covered over with boards, and upon these boards dirt was thrown so as to give the top thereof the same appearance as the surrounding surface of the street. This catch basin remained in this condition for a number of years before the injury complained of. Upon plaintiff's return trip, while crossing Eleventh street, she stepped upon the surface over this catch basin and, because of the fact that the boards which covered it had become rotten and decayed, the same broke with her and allowed her to fall in, resulting in the injury of which she complains.

The principal contention of the defendant is that inasmuch as this catch basin was in a part of Eleventh street which was not improved, and not designed by it for public travel, it was under no duty to keep the same safe for such travel. The defendant's contention in effect is that when the plaintiff got off the paved street, or off the sidewalk provided on the north side of the street, she was virtually a trespasser. It is shown that she might have crossed Eleventh street at another point and reached the sidewalk on the north side. It is also shown that many people crossed at the mouth of the alley where the plaintiff crossed, and that there was a well-defined path on the south side of Eleventh street and across the same at the mouth of this alley, which had been used by the inhabitants living south of that street in going to points north thereof. It also appears that the alley running into Eleventh street, at the point of the accident, is a public alley, and in fact the street commissioner testified that he drove over this place just a few days before the accident, and observed nothing wrong.

It is undoubtedly true that a municipal corporation has some discretion as to what improvements shall be made to its streets in the way of paving and laying sidewalks therein, and it may be said that ordinarily the authorities of such corporation may

determine whether or not it is necessary to pave the whole surface of a street, or whether the improvement of only a part thereof will be adequate for the public necessities; and unless such authorities are guilty of fraudulent, corrupt, capricious, or arbitrary conduct in this regard, their discretion will not be reviewed. It may follow from this that when the city authorities determine to pave only a part of the width of a street that would be a sufficient designation of the part so improved as the portion intended for public travel, and there are many authorities that hold that this being done there is no obligation upon the municipal corporation to keep the remainder of the street in good condition. There are other authorities, however, that hold that the duty of the muniscipality does not stop with the setting aside of a part of the street for improvement and public travel; that if it desires to absolve itself from liability for maintaining the whole street in a reasonably safe condition it must either abandon the part not so intended for use in the manner prescribed by law, or else shut it off with barriers of some kind so as to give affirmative notice to the public that it is not to be used for any purpose of public travel. See review of the authorities on this question in 13 R. C. L., Title "Highways" §§ 309, 310, 311; *Johnson* v. *Whitfield,* 18 Me. 286, 36 Am. Dec. 721; *Neidhart* v. *City of Minneapolis,* 112 Minn. 149, 29 L. R. A. (N. S.) 823. It seems to us that when a municipal corporation, in the proper exercise of its authority, sets aside a part of a street and improves it for public travel, that is a sufficient designation to the public that that part of the street alone is intended generally for that purpose, and that anyone traveling the street must expect, if he goes off of such improved way, to find it more or less obstructed. It does not, however, take from the public the right to travel such unimproved street. It is simply notice that the municipal authorities have not undertaken to improve it, and that whoever travels it must do so at the risk of finding such obstructions as would ordinarily exist in an unimproved way. The right of the public to use it still exists to the same extent as though none of the street had been improved, and when a traveler does go upon such unimproved way he may do so with the assumption that the municipal authorities have done no affirmative act to make the same dangerous. Such au-

thorities are not under obligation, perhaps, to make the unimproved part as safe as the part so set aside and improved for travel, but they may not do acts which make such part of the street dangerous to be traveled over. They may not set pitfalls therein for the unwary traveler. In this case we find a hole, several feet in depth and several feet in diameter, covered over with boards upon which earth is placed so as to carefully conceal the presence of such dangerous hole, and allowed to remain in this condition until the boards have rotted to the extent that they will not bear the weight of a party traveling thereover. We think the defendant is clearly liable for an injury resulting from the condition thus created by it.

There is another ground upon which the plaintiff here is clearly entitled to recover, and that is that this dangerous pitfall was located at the edge of the street, almost in the mouth of the public alley above referred to. Admittedly it is necessary for those desiring to use this public alley to also use some part of the unimproved street, and to go in close proximity to, if not to pass directly over, the covered catch basin into which the plaintiff fell. In *Townley* v. *City of Huntington,* 68 W. Va. 574, this Court held that the duty of a municipal corporation to keep the streets and public ways ordinarily safe for travel extends not only to the parts actually used, but to those parts so near thereto as that travelers might come in contact with obstructions therein because of their close proximity to such traveled way by slight deviation therefrom, and this doctrine is well sustained by the authorities.

There is no dispute in this case as to the material facts set up as a basis for recovery. The only conflict in the evidence was as to the extent of the plaintiff's injury. Admittedly the defendant constructed this catch basin in the street, covered it over with boards, and then placed dirt upon top of these boards in such a way that the inhabitants of said town having occasion to use the place for several years prior to the accident to plaintiff knew nothing of the existence of this catch basin. The fact that it was necessary to go within very close proximity to it, if not directly over it, in passing from the public alley above referred to to the improved part of Eleventh street is undisputed.

It is contended that two instructions given for the plaintiff do

not properly propound the law, and that the court refused an instruction offered for the defendant correctly propounding the law upon the duty of the city to improve the whole of the street in question. In view of the fact that none of these instructions go to the quantum of damages which the plaintiff is entitled to recover, but only to her right to recover anything, and this right being established by the undisputed evidence so that no verdict except one in her favor could be allowed to stand, we deem it unnecessary to discuss the applicability of the propositions of law stated in those instructions to the case in hand. *Morris* v. *Risk,* 86 W. Va. 30, 102 S. E. 725.

It follows from what we have said that the judgment of the circuit court will be reversed, the verdict of the jury reinstated, and judgment rendered thereon.

*Reversed; judgment for plaintiff.*