MABEL BAKER *v.* CITY OF WHEELING *et al.*

(No. 8365)

Submitted April 21, 1936. Decided April 28, 1936.

*Charles McCamic* and *Frank A. O'Brien,* for plaintiff in error.

*Schmidt, Hugus & Laas* and *Charles H. Bonnesen, Jr.,* for defendants in error.

HATCHER, PRESIDENT:

This action involves both municipal and private liability for an injury occurring at an unguarded declivity beyond the end of an alleged public alley in the City of Wheeling. The alley commences at Eleventh Street and extends south about 330 feet towards (but not to) Twelfth Street, and varies in width from fifteen feet at Eleventh Street to twelve feet at its southern terminus. The southern section of the alley is either fenced or walled entirely along both sides; and, for sixty years prior to

1930, the southern terminus had been walled. Defendant, Twelfth Street Garage, a corporation, built a coal bin in 1930, commencing at the south eastern corner of the alley and extending west about seven feet along its terminal line. In constructing the bin, all of the terminal wall was demolished except about three feet at the western corner. The bin is several feet wide, and is covered with a flat, iron grating elevated about one foot above the surface of the alley. Beyond the bin, and beyond the remaining portion of the terminal wall is a sheer drop of about nine feet. The bin is not guarded. There is a street light in the alley one hundred and thirty-four feet from Eleventh Street. Whether the light was there at the time of the injury does not appear. Upon a dark, rainy night in January, 1933, the plaintiff, Mabel Baker, while escaping from a desperate assault made on her at the intersection of the alley with Eleventh Street, ran down the alley towards a light she saw on Twelfth Street. She was not familiar with the alley. She says: "I ran just as hard as I could run. The first thing I knew, I was falling." She was found on the Wilson lot, which adjoins the southern corner of the alley and the bin, with a broken back and other injuries. Alleging in substance these facts, she impleaded both the City and the Garage in this, an action for damages. The demurrer of the City to her declaration was sustained. The case then proceeded to trial against the Garage. At the close of plaintiff's evidence, the motion of the Garage for a directed verdict in its favor was sustained. Both rulings of the trial court are now before us.

### THE DEMURRER.

The brief for the City presents the following reasons for sustaining its demurrer:

"(1) That there was no joint duty on the part of The City of Wheeling and the Twelfth Street Garage to erect and maintain a barrier at the end of the so-called alley.

(2) That the physical conditions were such that a person properly using this alley would not go over the *nine foot wall* through any fault of The City of Wheeling.

(3) That the obvious position for a safety barrier was at the top of the west wall of the coal bin, which was entirely on private property, and over which The City of Wheeling had no authority or control.

(4) That The City of Wheeling had no right to barricade an alley so that abutting owners were prevented from making proper use thereof."

Joint duty is not the sole test of joint liability; concurrent negligence also creates joint liability. *Starcher* v. *Oil Co.,* 81 W. Va. 587, 606-7, 95 S. E. 28. The law requires a municipality to safeguard its alleys from dangerous proximate declivities. *Chapman* v. *Milton,* 31 W. Va. 384, 7 S. E. 22; *Biggs* v. *Huntington,* 32 W. Va. 55, 9 S. E. 51; *Townley* v. *Huntington,* 68 W. Va. 574, 70 S. E. 368, 34 L. R. A. (N. S.) 118; *Garr* v. *McMechen,* 86 W. Va. 594, 104 S. E. 101; *Patton* v. *Grafton,* 116 W. Va. 311, 180 S. E. 267; McQuillin, Munic. Corporations (2d Ed.), 2985. The law also enjoins an abutter from creating or maintaining on his property a dangerous situation proximate to an alley. *O'Hanlin* v. *Oil Co.,* 54 W. Va. 510, 46 S. E. 565, 66 L. R. A. 893; *Hill* v. *Norton,* 74 W. Va. 428, 82 S. E. 363, Ann. Cas. 1917 D, 489; Cooley on Torts (4th Ed.), sec. 452. Hence, primary negligence is properly alleged against both the Garage and the City. Against the Garage for the positive wrong of creating and maintaining a dangerous condition at the end of the alley; against the City for the negative wrong of failing to abate that condition. Cooley, *supra,* sec. 445. It was equally the duty of each defendant to replace an adequate barrier across the end of the alley. The concurrent neglect of each to do so, allegedly resulted in plaintiff's injuries. Hence, she could sue them jointly. *Johnson* v. *Huntington,* 80 W. Va.

178, 183, 92 S. E. 344, 11 A. L. R. 1337; Shearman & Redfield, Negligence (6th Ed.), sec. 122, at pp. 317-318; Thompson, Negligence (White Supp.), sec. 7435; 45 C. J., subject Negligence, sec. 476; Pollock, Torts (13th Ed.), p. 202; Cooley, *supra,* sec. 86, pp. 278-9; 47 C. J., subject Parties, sec. 161. Points 2 and 3 of the demurrant relate to matters of fact not presented by the declaration. Point 4 relates to a proposition of law not arising on the declaration. Hence, the demurrer was improperly sustained.

## THE DIRECTED VERDICT.

The brief of the Garage presents two main contentions in support of the directed verdict: (a) that plaintiff was guilty of contributory negligence; and (b) that under the evidence, it is just as likely that plaintiff plunged over the west wall of the alley or over the remaining portion of the end wall (for which walls it is not responsible) as over the unguarded coal bin.

(a) The act of the Garage in destroying the major part of the terminal wall and not erecting a barrier or guard rail of some kind, constituted a nuisance. "Any act of an individual done to a highway, though performed on his own soil, if it detract from the safety of travelers, is a nuisance." *Dygert* v. *Schenck,* 23 Wend. (N. Y.) 446, 447, 35 Am. Dec. 575. Accord: *Higginbotham* v. *Kearse,* 111 W. Va. 264, 161 S. E. 37, 77 A. L. R. 1110; *Hayes* v. *Rr. Co.,* 111 U. S. 228, 235-6, 4 S. Ct. 369, 28 L. Ed. 410. In an action sounding in nuisance, the ordinary conception of contributory negligence does not obtain. A defendant who creates a nuisance will be absolved from liability for an injury chargeable thereto, only when it appears that the negligent conduct of the plaintiff was the proximate cause of the injury. *Bowman* v. *Humphrey,* 132 Iowa 234, 109 N. W. 714, 715, 6 L. R. A. (N. S.) 1111, 11 Ann. Cas. 131 (and the many cases there cited); 46 C. J., subject Nuisances, sec. 29. The plaintiff established *prima facie* that the alley was a public alley. It was paved from Eleventh Street to within

fifty feet of its southern terminus, thus inviting public use. It was the duty of the City to keep the alley in a reasonably safe condition for travel by night as well as by day. *Reynolds* v. *Milton,* 93 W. Va. 108, 116 S. E. 516; *Montgomery* v. *Ferguson,* 207 Ala. 430, 93 So. 4. It was not negligence for plaintiff, in the absence of warning to the contrary, to assume that the City had performed its duty, and to proceed accordingly. *Corbin* v. *Huntington,* 81 W. Va. 154, 94 S. E. 38; *Daniels* v. *County Court,* 69 W. Va. 676, 72 S. E. 782, 37 L. R. A. (N. S.) 1158.

(b) The wall to which the Garage refers in its second contention is described as "breast high." Had plaintiff plunged into that wall before falling, she would certainly have realized it. Her testimony, that after running as hard as she could, *the first thing she knew she was falling,* excludes the inference that she struck the wall first and then toppled over it. On the motion for a directed verdict, the evidence should be construed benignly in plaintiff's favor. Such construction warrants the conclusion that she ran without meeting material obstruction before she fell. She could have done so only by passing across the portion of the alley wall razed by defendant. It was therefore error to direct the verdict.

Both rulings of the circuit court are reversed.

*Reversed.*