BEATRICE TAYLOR *v.* THE CITY OF HUNTINGTON

(No. 9564)

Submitted April 11, 1944. Decided April 25, 1944.

*Hogsett & St. Clair,* for plaintiff in error.
*Okey P. Keadle,* for defendant in error.

RILEY, JUDGE:

Beatrice Taylor instituted this action in trespass on the case against The City of Huntington, a municipal corporation, to recover damages for alleged personal injuries claimed to have been occasioned by a fall on Sycamore Street, a public street. Defendant prosecutes this writ of error to a judgment of the Circuit Court of Cabell County in the amount of five thousand dollars based upon a jury verdict.

Plaintiff, about fifty-six years of age, residing on Sycamore Street, tripped over and fell on a driveway within the legal limits of that street leading from the paved portion thereof to private property abutting on the street. The driveway was situated on the southeast portion of the street in a block formed by the intersection of Oakland and Springdale Avenues, near the latter intersection. Although on the public highway, it had been constructed by the property holders and, except for wear and tear, its condition remained the same from 1932 until the time

plaintiff was injured. Between the intersecting streets there was a four-foot public sidewalk along the north-west portion of Sycamore Street. The paved portion of the street, twenty feet in width, paralleled this sidewalk. Along the southeast edge of the pavement there was constructed a concrete curb rising six inches above the pavement. The part of the street between the curb and the southeast property line of the street was unimproved. It was over this space that the driveway was paved, which driveway, at the place where plaintiff fell, extended about three inches above the ground. The record discloses that the defendant had never done or required any of the abutting property owners to do any work on the unimproved part of the street, except it had laid a sewer thereon. · At or near where plaintiff fell the municipality was maintaining a manhole for a sewer. Two water meters had been installed there but the record does not disclose by whom the installation had been made. These meters were even with the ground but the manhole extended about two inches above the ground.

At the time injured, plaintiff was returning to her home from her son's residence, and was walking along the paved portion of Sycamore Street with the curb immediately to her left. The pavement, in the direction in which plaintiff was going, was up a gradual incline leading to a slight knoll, situate a short distance beyond the point where she fell. It was daytime and the sun was shining. As she neared the driveway she observed a grocer's truck approaching her, travelling in a northeasterly direction and on its right side of the pavement. Another vehicle was parked on the opposite side of the street. When the truck came within thirty feet of her, according to the driver's testimony, "She stepped up on the curb and when she stepped up on the curb it seems like she lost her balance and starts stumbling sideways." Plaintiff testified:

> "And I saw an approaching car. It was coming fast. Well, I have always made a practice of letting

cars have the right of way because I never wanted to be struck by one. And as this car was approaching me I undertook to get out of the way, and I stepped over the curb, and as I stepped over the curb I took two or three steps, and I struck my toe against this driveway where it sticks up three or four inches above the ground. And I saw I was going to fall and I run two or three steps more to save myself but I couldn't, and I went down with my hand—on my hand."

She testified further that she did not step over the curb and stand there because, "I was on my way home, I had supper to get; I couldn't just stand there and wait", and that she was not looking, but "was getting out of the way of that car."

The record discloses that Mrs. Taylor had two routes to go from her home to her son's residence: one down Olive Street, which runs parallel to Sycamore Street, along which there was a sidewalk all the way; and the other along the route she was taking at the time injured.

Reliance for recovery is had upon Chapter 40, Article X, Section 17, Acts West Virginia Legislature, First Extraordinary Session, 1933, (formerly Code, 17-9-33). This section imposes an absolute liability on incorporated cities, towns, and villages for injuries sustained on account of their public streets, sidewalks and alleys being out of repair or obstructed so as to make them dangerous to travel thereon in ordinary modes by day or night. *Chapman* v. *Milton,* 31 W. Va. 384, 7 S. E. 22; *Gibson* v. *Huntington,* 38 W. Va. 177, 18 S. E. 447, 22 L. R. A. (N. S.) 561; *Yeager* v. *Bluefield,* 40 W. Va. 484, 21 S. E. 752; *Campbell* v. *Elkins,* 58 W. Va. 308, 52 S. E. 220, 2 L. R. A. (N. S.) 159, 45 Am. St. Rep. 853; *Michaelson* v. *Charleston,* 71 W. Va. 35, 75 S. E. 151; *Boyland* v. *Parkersburg,* 78 W. Va. 749, pt. 1 syl., 90 S. E. 347; *Williams* v. *Main Island Creek Coal Co.,* 83 W. Va. 464, pt. 5 syl., 98 S. E. 511; *Patton* v. *Grafton,* 116 W. Va. 311, 180 S. E. 267; *Roth* v. *Moundsville,* 118 W. Va. 283, 190 S. E. 332. It follows that it is un-

necessary, in an action brought under said Section 17 of the statute to allege or prove negligence. *Roth* v. *Moundsville, supra; Chapman* v. *Milton, supra.* "While the liability of municipal corporations is in its nature absolute, that does not refer to the cause of action. That must exist before the liability arises." *Yeager* v. *Bluefield, supra; Van Pelt* v. *Clarksburg,* 42 W. Va. 218, 24 S. E. 878; *Williams* v. *Main Island Creek Coal Co., supra;* and *Patton* v. *Grafton, supra.*

That Sycamore Street, at the point where plaintiff fell had been established as a public street fifty feet in width, seems clear from the record. The street is so indicated on a plat entitled, "Map of Walnut Hills", a subdivision of the City of Huntington recorded in the county clerk's office. The sidewalk on the opposite side of the street from the place where plaintiff fell, as well as the twenty-foot pavement, was constructed and maintained by the city, and the city had exercised control over the unimproved part by the construction and maintenance of a sewer and manhole thereon. The street, we think, has been dedicated for a width of fifty feet, and the exercise of control by the city, coupled with the use by the public, is such an acceptance as to make Sycamore Street a public street for its entire width. *Campbell* v. *Elkins, supra,* pt. 1 syl., *Williams* v. *Main Island Creek Coal Co., supra,* pt. 2 syl. The liability of a municipality under the statute extends to the unimproved, as well as the improved, part of a street, and the public had the right to use the whole of the street. In *Garr* v. *McMechen,* 86 W. Va. 594, pt. 2 syl., 104 S. E. 101, this Court held:

> "The duty of a municipal corporation to keep its public streets and alleys in a reasonably safe condition for travel thereover in the ordinary mode, by day or by night, extends, not only to that part of such streets actually used for travel, but to adjacent parts so close to the traveled way as that it may reasonably be contemplated that obstructions thereon or defects therein may cause

injury to travelers, should they slightly diverge
from the beaten path or traveled way."

See also: *Biggs* v. *Huntington*, 32 W. Va. 55, pt. 3 syl.,
9 S. E. 51; *Townley* v. *Huntington*, 68 W. Va. 574, 70 S. E.
368, 34 L. R. A. (N. S.) 118; *Baker* v. *Wheeling*, 117 W. Va.
362, 185 S. E. 842; and *Virginia Hot Springs Co.* v. *Lowman*,
126 Va. 424, 101 S. E. 326.

ı That the record does not disclose whether the city had
actual notice of the driveway and that it extended above
the adjacent terrain, does not preclude recovery. Since
1932 the driveway was in the same condition, except for
wear and tear, as it was when plaintiff fell. In these cir-
cumstances defendant is charged with notice. Actual
notice is, therefore, not required. *Sheff* v. *Huntington*, 16
W. Va. 307, pt. 1 syl.; *Chapman* v. *Milton, supra; Patton*
v. *Grafton, supra.* The statement on page 202 of the
opinion in *Blankenship* v. *Williamson*, 101 W. Va. 199, 132
S. E. 492, to the effect that the municipality must have
actual notice that its public ways are not in a reasonably
safe condition for travel, is disapproved.

Whether the driveway constituted such a defect in
Sycamore Street as to render the street out of repair is a
question of law (*Parrish* v. *Huntington*, 57 W. Va. 286,
pt. 2 syl., 50 S. E. 416; *Silverthorn* v. *Chester*, 106 W. Va.
613, pt. 1 syl., 146 S. E. 614), "where the facts are undis-
puted and are such as would reasonably support one of
two theories". The instant case presents no dispute as to
the condition of the unpaved sidewalk portion of the street.
The driveway extends across the entire width of the un-
improved part of the street, and at the point where plain-
tiff fell extended about three inches above the adjacent
terrain. In *Garr* v. *McMechen, supra,* page 597, this
Court expressed the view that where a municipality has
improved only a portion of a public street for travel
"that is a sufficient designation to the public that that part
of the street alone is intended generally for that purpose,
and that anyone travelling the street must expect, if he

goes off of such improved way to find it obstructed"; and that "whoever travels must do so at the risk of finding such obstructions as would ordinarily exist in an unimproved way". In the case just cited the implication is that liability would exist only where the municipality has done some affirmative act to make the unimproved way dangerous. We do not think that liability should be so circumscribed. As we have already noted, we are dealing with a duty imposed by statute upon municipalities to maintain their streets and sidewalks in repair. Liability is therefore existent wherever there is a violation of such statutory duty, regardless of who may be responsible for the state of disrepair. By paving a portion of a public street, a municipality may thereby designate the place where travel, even by pedestrians, is to take place, but that portion is likewise the place where vehicular traffic may be present, and the municipality must necessarily contemplate that situations will arise where, as in the instant case, a pedestrian may deem it necessary to seek a point of safety from such motorized travel by going upon the unimproved sidewalk portion of the public street. The avoidance of disrepair, whether by affirmative action of the municipality or otherwise, is requisite to avoidance of liability under the statute. The condition created by the driveway, in our opinion, rendered the street out of repair so as to impose upon the city the absolute liability contemplated by the statute, and the fact that the city did not construct or repair the driveway or order that it be constructed or repaired is of no moment. In *Williams* v. *Main Island Creek Coal Co.,* *supra,* and *Boyland* v. *Parkersburg, supra,* it was held that a road or street is out of repair within the meaning of the statute without regard for the manner in which or the persons by whom an obstruction was placed thereon.

But counsel for the city say that plaintiff was guilty of contributory negligence as a matter of law. It is asserted that she was charged with notice of the defect because she had used the route she was pursuing at the time

injured about eight times during the four and a half months she had lived at her then home. The record does not disclose that she had actual knowledge that the driveway extended above the ground, nor does it disclose that she had actually traversed the driveway itself on any former occasion. In this jurisdiction contributory negligence is a question of law when reasonable men can draw only one conclusion from undisputed facts. *Ketterman* v. *Dry Fork Railroad Co.*, 48 W. Va. 606, pt. 6 syl., 37 S. E. 683; *Krodel* v. *Baltimore & Ohio Railroad Co.*, 99 W. Va. 374, 128 S. E. 824; *Coleman* v. *Norfolk & Western Railway Co.*, 100 W. Va. 679, 131 S. E. 563; *Jackson* v. *Chesapeake & Ohio Railway Co.*, 110 W. Va. 568, 159 S. E. 517; *Wood* v. *Shrewsbury*, 117 W. Va. 569, 186 S. E. 294. But the question of negligence and contributory negligence is for the jury when the facts, though undisputed, "are such that reasonable men might draw different conclusions from them." Pt. 1 syl., *Ewing* v. *Lanark Fuel Co.*, 65 W. Va. 726, 65 S. E. 200, 29 L. R. A. (N. S.) 487. See also: *Burr* v. *Limestone Tel. Co.*, 97 W. Va. 508, pt. 2 syl., 125 S. E. 335; *Thorn* v. *Addison Bros. & Smith*, 119 W. Va. 479, pt. 2 syl., 194 S. E. 771; *Brann* v. *F. W. Woolworth Co.*, 181 Va. 213, 24 S. E. 2d 424; *Acme Markets* v. *Remschel*, 181 Va. 171, 24 S. E. 2d 430; 6 Thompson, Commentaries on the Law of Negligence, Section 7394; and Zipp's, Shearman and Redfield, Negligence, Revised Ed., Section 129. Applying these authorities to the facts of this record, we cannot say, as a matter of law, that plaintiff, by the exercise of reasonable care, should have observed the driveway and the obstruction in Sycamore Street created thereby, and, upon such observance, should have realized that it presented a dangerous condition to those travelling by foot over the unimproved part of the street.

Defendant's counsel, in furtherance of their claim that plaintiff was guilty of contributory negligence as a matter of law, assert: (1) That plaintiff, having the choice of two reasonably convenient ways, assumed the risk of the dangerous one; and (2) that she committed an affirmative

act of negligence when, according to her own testimony, upon the approach of the grocer's truck, she stepped over the curb on the unimproved part of the street without looking, and, instead of turning back to the pavement, took a step or two in furtherance of her way home. Both suggestions, we think, are without substantial merit. In the first place, while it is true that a traveler having a choice of reasonably convenient ways assumes the risk of the dangerous one (*Patton* v. *Grafton, supra; Williams* v. *Main Island Creek Coal Co., supra; Boyland* v. *Parkersburg, supra*), the rule has no application to the facts of this case. Plaintiff could have used Olive Street, which had a sidewalk all the way, as she sometimes did, but she was using Sycamore Street in a way generally travelled by persons using the southeast side of the pavement. The street, on the side traversed by plaintiff, was not so inherently dangerous that the public should not travel it. "Use of a thoroughfare known to have attendant dangers does not alone make a traveler negligent, but use wanting care." *Patton* v. *Grafton, supra,* pt. 3 syl. She was travelling along an accustomed and ordinarily safe way of travel. When confronted with the fast-moving truck coming over the knoll and down-grade toward her, she encountered a sudden emergency, in the face of which, in order to effect her own safety, she was required to, and did, step over the curb on the unimproved part of the street. That she did not look where she stepped seems perfectly natural. Her attention was directed to the oncoming truck. Surely it was not for the trial court to say that in these circumstances she was guilty of contributory negligence in not looking before she stepped over the curb. In *Roberts* v. *Baltimore and Ohio Railroad Co.,* 72 W. Va. 370, pt. 2 syl., 78 S. E. 357, this Court held:

"In cases of sudden and unexpected danger, necessitating quick determination and choice of means of safety or escape, the law makes allowance for errors in judgment, exacting only good faith and abstention from voluntary risk on the

part of the person so exposed, and the inquiry as to whether injury resulting to him from mischoice of means was due to his contributory negligence is generally one for jury determination."

The question of contributory negligence was properly submitted to the jury.

Error is assigned to the trial court's ruling in giving plaintiff's instruction No. 1, and refusing defendant's instructions Nos. 1, 3 and 4. Plaintiff's instruction No. 1 correctly propounds plaintiff's theory of the case; and, as has been suggested, is tenable. Defendant's instruction No. 1 is peremptory, and, of course, was properly refused. Defendant's instruction No. 3 deals with the question of whether Sycamore Street was a public street, and is fully covered by plaintiff's instruction No. 1. Defendant's instruction No. 4 informed the jury that, "the twenty-foot paved and curbed roadway *alone* was intended generally for travel." (Italics supplied.) In this regard the instruction is contrary to the holdings of this Court in *Garr* v. *McMechen, supra,* and kindred cases heretofore cited.

The record, in our opinion, does not disclose any prejudicial error, and the judgment of the circuit court, therefore, is affirmed.

*Affirmed.*