A. D. KENAMOND, Judge.
Claimant, father of deceased and administrator of his estate, seeks an award of $10,000.00 for wrongful death of decedent. On December 27, 1948, decedent was driving a jeep automobile in state route 73, enroute from Fairmont to Morgantown, whereupon at a point near Meadowdale in Marion county, as he was rounding a turn his motor vehicle struck an icy portion of the road, causing it to skid and to be precipitated over an enbankment, resulting in death of decedent. Claimant alleges the state road commission permitted waters to seep through paved portions of road from a wet weather spring beneath the highway, which waters in freezing caused the icy condition.
Testimony adduced in this case revealed several facts concerning the highway at point of accident. The road was then *198 paved with tarvia with a berm of two or three feet on the upper side and four to six feet on the lower side; the road there goes uphill on the way from Fairmont to Morgantown; ice on the road at point of accident could not be seen at night until a driver, going toward Morgantown, was “right on it,” by reason of a curve in the road causing headlights to be thrown against the bank at side of road; except at the hazardous area the highway was clear and dry at time of accident.
Convincing testimony was offered to the effect that the ice formed at point of accident resulted from freezing of water that oozed up through the road from wet weather springs; that even at times in summer this seepage made that portion of the ro ■d slippery; that this condition had existed for ten or twelve years; that formerly this condition had been obviated by a : ulvert under that portion of the road; that no road signs were near enough to be regarded as a warning of danger at point of accident.
Numerous accidents or near accidents have occurred there during the past ten years. Marcus Hayhurst, who lives near the scene of accident, testified ibat four or five years ago his mother-in-law with a man and his wife went over the bank at the same spot, but all were lucky, not getting hurt. A. J. Cas-sell, also living near the scene of accident, told of a woman driver of a milk truck going over the bank at the same spot ten years ago, and of a little Crosley hitting the ice at the same point .':id turning over on its side a year before the Hildreth accidr-it. A grocery truck went over at the same place last winte-, when it appears the road there had been resurfaced with coarser material than that used on the road when young Hildreth met his death.
It would appear that the state road commission could not have been unaware of the hazardous area, though nothing had been done to correct the situation. At least the dangerous condition had been called to the attention of state police as late as a month before the Hildreth accident. That remedial measures might have been taken is shown from testimony *199 that road workers, about the first of last October, app :ared at the point of accident and attempted to break up the water seepage from beneath the road and make it flow down and underneath the road.
In Judge Riley’s opinion in the case of Taylor v. City of Huntington, 126 W. Va. 737, we find:
“That the record does not disclose whether the ity had actual notice of the driveway and that it extended above the adjacent terrain, does not preclude recovery. Since 1932 the driveway was in the same condition, except for wear and tear, as it was wb ;n plaintiff fell. In these circumstances defendant ,s charged with notice. Actual notice is, therefore, not required.”
Was young Hildreth guilty of contributory negligence? It was conceded that he wore fairly thick-lensed glasses, but he was a licensed driver and had passed his driver’s test about a year before, had a reputation for careful driving and was driving carefully and at a reasonable speed at time of accident, and, further, there was nothing in the testimony to show that he had ever before had a driving accident. With him in the jeep at the time were Margaret Austin and her infant sister, the latter being in the rear seat. Their ride from Fairmont toward Morgantown was not an episode in wild life, but was an orderly return from a visit to the Austin girls’ grandmother in Fairmont. In view of the fact that two other drivers, earlier on the night of the accident, had difficulty getting over the icy spot on their way toward Morgantown, Margaret Austin was asked if the Hildreth jeep did not have difficulty there when they passed on the way to Fairmont about three hours earlier. She said the ice had not formed on that side of the road at that time. It is possible that young Hildreth might have realized that there would be ice on the side of the road to be traversed on return later at night, but there was no satisfactory testimony in reference thereto. It is our opinion that no contributory negligence was shown. Young Hildreth was none too well acquainted with the road and commanded *200 no fair approaching view of the dangerous spot. The facts and circumstances in this case appear identical with those in the case of Presson v. State Road Commission, 4 Ct. Claims (W. Va.) 93, in which case the members of the court were unanimous in an opinion that there was no contributory negligence.
Defense offered by respondent concentrated on two fishponds and two or more springs on property above the highway near the point of accident, and on the McQuain private roadway. Respondent attempted to show that drainage therefrom accounted for the hazardous condition resulting in the Hildreth accident. However, a preponderance of the evidence showed that overflow from fishponds and springs was properly kept from the highway by adequate drains. The McQuain private roadway joined state highway at a point lower in elavation than the point of accident, though water from this private roadway, during a hard rain could flow over state highway. Whether or not any liability was assumed, or should rightfully be assumed, by owner of private roadway for damage arising from permit to enter upon and under state roads of the state of West Virginia, as provided for in section 6, article 16, chapter 17, W. Va. code, 1931, is apparently not a matter bearing on this case.
Relative to a person killed as the result of defective condition of highway under control of state, we note the following from an opinion of our Supreme Court of Appeals in the case of Price v. Sims, 58 SE 2d at 666:
“That the personal representative of the decedent has no cause of action against the State and has no legal right to recover damages from it is not a sound or sufficient reason to deny the power of the Legislature voluntarily to declare a moral obligation in favor of a citizen whose life it has taken through negligence of its agents, or voluntarily to make an appropriation as compensation for its wrong.”
From all the testimony in this case we conclude that the state road commission failed to give proper attention and *201 remedy to the hazardous condition involved in the accidental death of Richard Wayne Hildreth, and allowed to exist for several years prior thereto, and accordingly we favor an award of four thousand dollars ($4,000.00) to the claimant.