GARDEN, JUDGE:
The claimant, Michael J. Boland, filed this claim for personal injuries to himself and property damages to a Datsun B-210 automobile owned by his father, J. C. Boland, as the result of an accident which occurred on April 7, 1977, on West Virginia Route 3 in Summers County, West Virginia, near Jumping Branch. During the hearing of the claim the style of the claim was amended to include J. C. Boland as a claimant reflecting the true owner of the vehicle involved in the accident which is the subject of this claim.
The claimant was proceeding to Hinton, West Virginia, when the vehicle which he was driving, a Datsun B-210, struck a hole in the berm approximately eight to ten feet in length, eight to ten inches in width and three to six inches in depth. Claimant was unable to avoid striking this hole as there was an oncoming vehicle in the left lane and several holes in the center of the road on claimant’s left side. The claimant attempted to drive his vehicle between the holes in the center of the road and the hole in the berm, but his vehible. went into the hole in the berm which caused claimant’s vehicle<to^turn over on its side and the claimant was thrown from the vehicle. As a result of the accident alleged to occur due to failure on the part of the respondent to properly maintain the road surface and berm of State Route 3, claimant sustained physical injuries and the *197 vehicle was rendered a total loss. Claimants filed this action in the amount of $50,000.00.
David Johnson, a witness for the claimant, testified that he had struck this same hole in the berm of Route 3 and had called the State road garage in Summers County around April 1, 1977, to report the condition of the berm to the respondent.
Testimony from witnesses of respondent revealed that the only maintenance performed on Route 3 in the vicinity of the accident site was performed by patching with cold mix, a form of temporary repair on holes in the highways of the State.
This Court has .followed the principle that the berm or shoulder of a highway must be maintained in a reasonably safe condition for use when the occasion requires, and liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway. 39 Am. Jur. 2d “Highways, Streets, and Bridges” §488, Taylor v. Huntington, 126 W.Va. 732, 30 S.E.2d 14 (1944).
There were potholes in the center of the roadway which claimant was attempting to avoid and an oncoming vehicle in the opposite lane. The respondent was aware of the condition of both the berm and the road surface of Route 3. It is the opinion of this Court that the negligence of the respondent in failing to adequately maintain the berm was the proximate cause of claimant’s accident and resulting injuries.
A stipulation regarding hospital and physician charges to the claimant in the amount of $1,614.17 was filed by the parties. It was also stipulated that the Datsun B-210 had a value of $2,775.00 at the time of the accident.
The Court, therefore, makes an award to claimant, Michael J. Boland, in the amount of $3,500.00 and to claimant J. C. Boland in the amount of $2,775.00.
Award of $3,500.00 to Michael J. Boland.
Award of $2,775.00 to J. C. Boland.