GARDEN, JUDGE:
On June 8, 1976, claimant Geneva Conley was operating a 1973 Ford Bronco belonging to her husband, claimant Robert Conley, on W.Va. Route 3 in Logan County, West Virginia. Claimant Michael Conley, son of claimants Geneva Conley and Robert Conley, was a passenger in the vehicle. As claimant proceeded on State Route 3 towards her home in Shively, West Virginia, she had a single vehicle accident in which she and her son received personal injuries, and the vehicle was totalled. Claimants have alleged that failure of the respondent to maintain the berm of State Route 3 caused the accident and resultant injuries and losses sustained by the claimants.
W.Va. State Route 3, in the area of the accident, was described as a narrow two-lane, blacktopped road with a slight curve. A hillside is on one side and a narrow berm is on the other side. As claimant came into the curve, a truck was approaching in the opposite lane of travel. When the two vehicles were approximately five to ten feet apart, the claim *264 ant drove onto the berm of the road. The vehicle thereupon struck a large rock located about six inches from the pavement causing claimant to lose control, and the vehicle crossed the road, hit the hillside and rolled over. Claimant testified that she was unable to see the rock “until I was right on it,” because weeds had grown up around it.
Walter Hager, a foreman for respondent during the period before claimant’s accident, testified that he was aware of the rock on the berm. He was not aware of how the rock came to be on the berm. He stated that the rock had not been moved off of the bern because “I didn’t have the equipment to move it with, didn’t have a good end loader to pick it up.” He further testified that . .If you met somebody coming around that curve pretty fast, you would have to move off.” He also stated that he had received complaints about the rock on the berm prior to claimant’s accident.
“The berm or shoulder of a highway must be maintained in a reasonably safe condition for use when the occasion requires, and liability may ensue when a motorist is forced onto the berm in an emergency, or otherwise necessarily uses the term of the highway(Emphasis supplied.) 39 Am.Jur. 2d Highways, Streets & Bridges §488, Taylor v. Huntington, 126 W.Va. 732, 30 S.E.2d 14 (1944). Failure to remove a large rock from the berm and permitting weeds to obscure the rock from the view of a motorist in a section of highway where use of the berm by motorists is common, created an unsafe condition.
The record in this claim established that the respondent had knowledge of the presence of the rock on the berm of the road. The failure of respondent to remove this rock cheated a hazardous condition which constituted negligence. This negligence was the proximate cause of the injuries and loss sustained by the claimants.
Claimant Michael Conley suffered an injury to his back and two broken ribs. He was required to stay in the hospital in traction for five days. He has now fully recovered from his injuries. Claimant Geneva Conley suffered a compression-type fracture of the second and third lumbar vertebrae with deformity. She remained in the hospital for three weeks following the accident. It was necessary for her to wear a *265 back brace following her release from the hospital. She has suffered low back pain since the injury occurred, requiring her to avoid lifting heavy objects and to sleep on a hard surface. As a result of the injury to her back, claimant has a gibbous deformity or humpback, which is permanent. The percentage of her disability is approximately 35 percent. Inasmuch as the accident occurred in June, 1976, after school was out for the summer and claimant was able to return to her position as a teacher’s aide in Logan County in September 1976, she did not sustain any loss of wages.
The medical bills incurred by claimant Michael Conley were in the amount of $516.00, and those incurred by claimant Geneva Conley were in the amount of $1,863.05. The ambulance bills totalled $195.71.
The 1973 Bronco had a fair market value at the time of the accident of $3,700.00, but the purchase price had been $2,995.00.
In view of the evidence, the Court makes awards as follows: $2,995.00 to claimant Robert Conley; $1,500.00 to claimant Michael Conley; and $10,000.00 to Geneva Conley.
Award of $2,995.00 to Robert Conley.
Award of $1,500.00 to Michael Conley.
Award of $10,000.00 to Geneva Conley.