GRACEY, JUDGE:
Following the hearing of this claim on May 8 and 9, 1985, a schedule for filing of briefs was established. Subsequently, the claimant filed a motion requesting that the brief of respondent not be considered by the Court in the determination of this claim since the brief was filed a substantial period of time after the due date set by the Court in the briefing schedule. The Court, having duly considered the motion, sustained the motion. The brief of the respondent was not considered by the Court in the determination of the claim.
Karen Renee Cole, eighteen-year-old daughter of Vonley and Cecelia Cole, was driving from her home in Midway to the place of her employment, the Human Touch, Incorporated office, in Raleigh County, at approximately 9:00 a.m. on August 9, 1982. She was operating a 1979 Plymouth automobile northerly on W.Va. Route 16 in Raleigh County. The right wheels of the vehicle left the right lane of the travel portion of the highway and went to the right onto the berm. In an attempt to steer the vehicle back onto the highway, control of the vehicle was lost. It proceeded to its left across the two northbound traffic lanes of the highway and across the concrete median into the southbound lanes and was struck by an oncoming vehicle, a 1980 Chevrolet Gruman truck. As a result of the collision, she suffered injuries from which she died.
It is the position of the claimant that the respondent failed to properly maintain the berm of W.Va. Route 16 and allowed a rut to form between the edge of the highway pavement and the berm. Claimant also contends that the respondent should have constructed a Jersey-type median barrier between the northbound and southbound lanes rather than the type of concrete median barrier which was constructed.
*52 W.Va. Route 16 was described by Raleigh County Deputy Sheriff Gary Lee Lively, the investigating officer of the accident, as being a four-lane highway with a concrete median between four and six feet in width and six to eight inches in height.
An eye witness to the accident, Otis Michael Horton, testified that he was driving a 1977 Ford Explorer truck behind the vehicle being driven by the decedent. He was behind her for approximately 30 seconds before her vehicle left the highway. He stated, "I came right in behind her and I believe she turned the radio on or she was changing stations. Like I say, the road was wet and the car went off the road, it came back onto the road and I seen the brake lights come on, the car started fishtailing and I would say it traveled approximately maybe 100 feet. Then it just turned sideways and when it turned sideways it hit the median and came across the road."
The testimony of several witnesses for the claimant revealed that the berm in the area of the highway where the vehicle went onto the berm was approximately four inches below the level of the paved portion of the highway. This condition was prevalent along much of W.Va. Route 16 in the area of the accident. The berm had been level with the surface of the highway at one time but had eroded over a period of time.
Herbert Hill, a professional engineer specializing in the forensic sciences, primarily in the investigation of motor vehicle accidents, testified that the proximate cause of the accident herein was that the tire of the decedent's vehicle became trapped in the rut of the berm, and, when she attempted to pull the vehicle back onto the highway, the vehicle catapulted across the highway as she no longer was able to control the vehicle. Dr. Hill also testified that had a Jersey barrier of four feet in height been constructed between the lanes of the highway, the decedent would not have gotten in the other lane but would have hit the barrier.
Alan E. Jordan, Assistant Design Director of the Roadway Design Division for the respondent, testified that W.Va. Route 16 in the area of the accident was designed in 1962 to 1963 and constructed in 1964 and 1965. He stated that the median was constructed with a semi-mountable curb which has a slight base slope. The curb starts four inches from the ground, goes up four inches, then slopes back a total of four inches which means it is approximately eight inches in height. This type of median is regularly utilized on four-lane noncontrolled access roads. The Jersey barriers have been predominantly used on controlled access facilities. These are not used on uncontrolled access roads as problems are created with the protection of the end sections and the number of cars traveling per day on W.Va. Route 16 would not have made it mandatory to use such barriers. In addition the witness explained that the berms adjacent to W.Va. Route 16 are approximately 10 feet in width. The berms have two purposes. One is to provide a recovery area for erratic vehicles and the other is to provide a disabled vehicular lane.
The testimony in the record of this claim reveals that the berm of the highway was not maintained in perfect condition. As is the situation on many of the roads in West Virginia, erosion occurs on the berm over a *53 period of time. The berm or shoulder of a highway must be maintained in a reasonably safe condition for use when the occasion requires, and liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway. 39 Am.Jur. 2d "Highways, Streets, and Bridges," 126 W.Va. 732, 30 S.E.2d 14 (1944). Also see Sweda v. Dept. of Highways, 13 Ct.Cl. 249 (1980). Under the facts of the instant claim, the Court cannot conclude that the claimant's decedent was forced onto the berm or otherwise necessarily used it.
To require the respondent to maintain the berms adjacent to all of the highways in the State of West Virginia in perfect condition would be a burden impossible for the respondent to perform. There are areas in this State where construction of berms is literally impossible. The Court finds that the claimant's decedent was negligent in the operation of her automobile.
For these reasons the Court is disposed to and does disallow this claim.
Claim disallowed.