PER CURIAM:
This action was brought by claimant to recover for damages to her 1981 Dodge Omni sustained when she was forced to use an allegedly eroded berm on County Route 43, near Branchland, in Cabell County. Claimant testified that on or about April 10, 1990, as she was traveling on Route 43, a truck approaching in the opposite lane crossed the center line and headed directly in the path of claimant’s vehicle. In order to evade the on-coming truck, claimant attempted to use what she believed was the berm of the road. With the right side of her vehicle on the berm, she evaded the approach of the other driver. However, claimant alleges that the berm was broken off, and her vehicle struck a hole, where the berm should have been. The claimant’s husband testified that the drop off was four to five inches. The right front wheel was bent upon impact, the right front tire burst, and a strut was damaged. Claimant has since replaced the tire, but not the wheel, or the strut. Mrs. Porter testified that her husband went over several times and told respondent about places in the road requiring repair before and after the accident.
Respondent avers no knowledge of Mr. Porter’s complaints. However, an employee of the respondent, who testified as a witness for the claimant, stated that a formal complaint was made of the particular road condition four months prior to claimant’s accident. This witness, Thomas L. Thornburg, stated “I went to the district office and we had one complaint from a Mrs. Elkins. That was in January.” Although this complaint was received in January, 1990, as cited, Mr. Thornburg when asked by claimant’s counsel if repairs were made, answered, “No, sir.”
Based upon the foregoing testimony the Court must conclude that respondent was on notice of the particular defect, and having failed to remedy same, is liable in negligence for the damages suffered by the claimants. The law provides that “the safe condition for use when the occasion requires, and liability may ensue when a motorist is forced onto the berm in an emergency...” 39 Am. Jur. 2d “Highways, Streets, and Bridges” §488, Taylor v. Huntington, 126 W.Va. 732, 30 S.E. 2d 14 (1944). Accordingly, the Court makes an award to claimant in the amount of $123.83.
Award of $123.83.